' [18070.   Department One. — May 20, 1893.]

## S. W. GREGORY, RESPONDENT, *v.* H. C. BLANCHARD, APPELLANT.

EXECUTION — SALE — DELIVERY OF POSSESSION — MANDAMUS. — A purchaser of property at an execution sale, to whom the judgment debtor refuses to deliver the property, is not entitled to a writ of mandate to compel its delivery by the judgment debtor.

ID. — OFFICE OF WRIT OF MANDATE — TITLE NOT TRIABLE. — The writ of mandate is never employed for the purpose of trying title to property, whether the property be the right to land, or to an office, or to a franchise.

ID. — FRANCHISES — SALE UNDER EXECUTION — LIMITED BY STATUTE. — A franchise cannot be levied upon or sold under execution in the absence of a statutory provision therefor, and whenever such a provision exists, the extent as well as the mode of levy and sale are limited thereby.

ID. — SALE OF TOLL ROAD — PRIVATE FRANCHISE NOT SUBJECT TO EXECUTION. — Section 338 of the Code of Civil Procedure, providing that for the satisfaction of any judgment against a corporation authorized to receive tolls, its franchise may be sold under execution, limits the franchises which may be sold under execution to those owned by corporations, and does not authorize the sale of a franchise held by an individual.

ID. — FRANCHISE NOT CAPABLE OF MANUAL DELIVERY — IMPROPER JUDGMENT — INSUFFICIENT DETERMINATION OF RIGHTS. — A franchise is merely a privilege not capable of manual delivery, and a provision in a judgment against the owner of the franchise, requiring him to deliver the possession thereof to the judgment creditor, is not susceptible of execution; and a further provision therein that he deliver " the possession of all property necessary for the exercise of the powers and the receipt of the proceeds of said franchise" is too indefinite to constitute a determination of the rights of the parties. The court should determine what property is "necessary" in the exercise of the powers of the franchise, and not leave it to the arbitrament of the judgment debtor.

APPEAL from a judgment of the Superior Court of Mono County.

The facts are stated in the opinion of the court.

*H. C. Blanchard*, in *pro per.*, and *Charles L. Hayes*, for Appellant.

*F. P. Willard*, for Respondent.

HARRISON, J. — A judgment was rendered against the appellant in the justice's court of Bodie Township, in Mono County, on the thirty-first day of December, 1888, and an execution thereon was issued out of said court on the twenty-seventh day of November, 1891. By virtue of this execution the sheriff of Mono County, on the thirtieth day of November, 1891, levied upon "the franchise to collect toll and all the rights and privileges thereunder or belonging thereto, of the said H. C. Blanchard," on a certain toll road, and on the 14th of January, 1892, sold the same to the plaintiff, and executed to him a certificate of such sale. Thereupon the plaintiff notified the defendant of such purchase and demanded to be let into the possession thereof, and, upon his refusal, made an application to the superior court of Mono County for a writ of mandate commanding him "to let the petitioner, S. W. Gregory, immediately into the possession of said franchise, and of all property necessary for the exercise of the powers and the receipts of the proceeds thereof." After a hearing upon the application the court granted the writ, and the defendant has appealed to this court.

1. The superior court was not authorized to issue a writ of mandate in aid of the execution of the judgment rendered in the justice's court. For the purpose of a complete execution of a judgment resort should be had to the court in which the judgment was rendered. If for that purpose it is necessary to place the purchaser in possession of the property sold by virtue of the judgment, as in the case of a purchaser at a sale under the foreclosure of a mortgage, any writ or process for that purpose must be issued by the court in which the action is pending. If resort is had to another tribunal for the purpose of enforcing the rights acquired by such purchase, it must be by an action in that court, and not by a summary proceeding. The purchaser of property at a sheriff's sale has no greater right to a writ of

mandate to compel its delivery by the judgment debtor than has a purchaser at any other sale. The plaintiff herein has no greater right to the writ by reason of the fact that he bought the franchise at a sale under an execution upon the judgment, than he would have had if he had bought it at public auction, or upon a direct dealing with the defendant, and, upon a demand therefor, had been refused its possession. The writ is never employed for the purpose of trying title to property, whether the property be the right to land, or to an office, or to a franchise.

2. A franchise is merely a privilege, and is not the subject of sale and transfer without the consent of the authority by which it was granted. "The persons to whom such privileges are granted hold them in personal trust, and, therefore, they cannot be transferred by forced sale (*Munroe* v. *Thomas,* 5 Cal. 470; *Thomas* v. *Armstrong,* 7 Cal. 286); nor by voluntary assignment, unless by the permission of government, and even then, if a special mode of transfer is pointed out, that mode must be followed." (*Wood* v. *Truckee Turnpike Co.,* 24 Cal. 487; *People* v. *Duncan,* 41 Cal. 509.) In the absence of a statutory provision therefor, a franchise cannot be levied on or sold under execution. (Freeman on Executions, sec. 179; *Stewart* v. *Jones,* 40 Mo. 140; *Gue* v. *Canal Co.,* 24 How. 263.) Whenever such a provision exists, the extent as well as the mode of such levy and sale are limited thereby. Section 388 of the Civil Code provides that "for the satisfaction of any judgment against a corporation authorized to receive tolls, its franchise and all the rights and privileges thereof may be levied upon and sold under execution, in the same manner and with like effect as any other property." This provision is by its terms limited to a sale of the franchise held by a "corporation" against whom the judgment has been rendered, and we have not been referred to any other provision of the code suspending or changing the rule declared in the above cases. Section 523 of the Civil Code, referred to by the respondent, makes only the provisions of the title in which that section is found applicable to individuals as well as corporations, and has no reference to the transfer of a franchise. That title (title V. of part IV.) purports to define certain rights and obligations of the owners of wagon roads; and this section makes those

rights and obligations applicable to all such owners, whether they be individuals or corporations. Similar provisions are found with reference to the titles in which they are placed in sections 511 and 531 of the Civil Code; neither of these sections, however, or of the titles in which they are found refers in any respect to the assignment or other disposition of the franchise therein referred to. It follows, therefore, that the plaintiff did not by virtue of the sale under the execution acquire the right to exercise the franchise held by the defendant.

3. Inasmuch as a franchise is only a privilege, and is not capable of manual delivery, the provision in the judgment, as well as in the writ thereon, requiring the defendant "to deliver the possession of said franchise to collect the tolls on the Bodie and state line toll road," is not susceptible of execution. The further provision therein that he deliver to the plaintiff "the possession of all property necessary for the exercise of the powers and the receipt of the proceeds of said franchise," is too indefinite to constitute a determination of the rights of the parties. The court should determine what property is "necessary" for the exercise of those powers, and not leave it to the arbitrament of the defendant. The plaintiff, moreover, did not claim to have purchased at the execution sale anything but the "franchise" with its rights and privileges, and even if the franchise had been subject to a sale under that judgment, the. purchaser in any suitable proceeding for its recovery must have been limited to that which he had purchased; but if it could be established that the rights and privileges incident to the franchise included any articles of property, such property should have been designated in the judgment, and not left to be the matter of a future investigation upon the question whether the writ had been complied with.

The judgment and order are reversed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.