### JOHN H. LANG v. HENKE & PILLOT.

#### Decided January 17, 1900.

**1. Practice in Trial Court—Order of Trial—Waiver.**

Where, in an action instituted after the term of court had begun, the defendant files his answer during that term, it is not error for the court, over objection of defendant, to try the case at that term when reached in its regular order on the docket.

**2. Same—Jury Selection.**

Where a case was called for trial after the jury week, and after the regular jury for the term had been discharged, it was not error for the court to appoint three jury commissioners, and have them select thirty jurors from whom a jury to try the case was chosen. Rev. Stats., arts 3150, 3182.

**3. Limitations—Issue Not Raised by Pleading.**

It is not error for the charge to ignore the issue of limitations where it is not raised by the pleadings, though there be evidence tending to raise that issue.

**4. Practice—Issue of Boundary Only.**

Where the only issue raised by the pleadings was one of boundary plaintiff can not, as appellant, complain that the court submitted only that issue to the jury, nor that it restricted the issue to the back part of such boundary line (of city lots), where the evidence raised an issue only as to such part, and he admits in one of his assignments of error that the only question was as to the locality of the line at the rear end of the lots.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*O. T. Holt,* for appellant.

*E. P. Hamblen,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellant to restrain appellees, by injunction, from excavating and digging a foundation on the property of appellant and to recover damages and possession of a strip of land two and one-half feet in width. A jury trial resulted in a verdict and judgment for appellees.

The evidence sustains the finding of the jury as to the boundary between the lots, and the finding that appellant was not entitled to damages.

This suit was filed on March 27, 1899, while the District Court was in session, the term not ending until April 29th. On April 12th appellees answered, and on April 19th the cause was tried. The case was set for trial on April 17th by the court. Between April 10th and April 17th appellant demanded a jury. The jury week having expired, the regular jury was discharged before the day set for the trial. On that day, appellant insisting on a jury trial, the court had three reputable and qualified citizens summoned as jury commissioners, who were duly sworn and instructed, and who selected thirty jurors and returned their names into court. It is admitted that all other formalities of the law were met. From the jurors selected by the commissioners the jury was chosen that tried the case. Appellant made no motion for a continuance, but objected to the case being tried because the suit was not instituted until March 27, 1899, and because the court had no authority to select a jury as it did.

It is not contended that appellant was in any manner injured by the action of the court, but a reversal is asked on the ground that abstract error was committed. We do not think there was any error in the action of the court. When appellees answered the complaint of appellant, filed during the term, the cause should not have been continued merely because not filed before the term, but appellees having waived their right to have the case passed over to another term, the case was for trial, and appellant can not complain that it was tried in its order on the docket. Pierson v. Burney, 15 Texas, 272.

The statute clearly gave the court the authority to choose a jury as it did. Rev. Stats., arts. 3150, 3182; Smith v. Bates (Texas Civ. App.), 28 S. W. Rep., 64; Roundtree v. Gilroy, 57 Texas, 176.

No objection was urged to the jury by appellant, but he seems to have had a fair trial before a competent jury, and with all the facts before them the jury has decided against him. There is nothing in the record that indicates that the case was called out of its order on the docket, and consequently the authorities cited on that point have no applicability.

The third assignment of error complains of the following charge given by the court: "As to the land on which Henke & Pillot are building, lying back of a line running from the back corner of Lang's east wall, parallel to Congress Street, there is but one question for the jury, and that is, where does the dividing line between lot 11 in block 35, and lots 8, 9, and 10 in block 35, run as the same was originally run out and platted when said lots and blocks were established? It is agreed by both parties that the plaintiff owns lots 8, 9, and 10 in block No. 35, and that Henke & Pillot own lot 11 in block 35. There is no question of limitations for the jury, but the sole question for the jury is, where is the true dividing line between said lots? You will, by your verdict on this issue, indicate exactly where such dividing line runs, with such accuracy that the

court will have no difficulty in determining the exact division between the back portions of the land of plaintiff on the one hand and the defendants on the other. Let your verdict on this issue be a special one, stating the position of such dividing line."

The complaint is that the charge took the issue of limitations, raised by pleadings and evidence, from the jury. It was alleged in the petition that the appellant was "the owner in fee simple, and in possession of lots Nos. 8, 9, and 10, fifty feet on Louisiana street, and running back about 130 feet, in block 35, south side of Buffalo Bayou, in the city of Houston." In another portion of the petition it was alleged that "the defendants proposed and intended to build and construct a portion of a large brick building on a portion or part of plaintiff's property, to wit, about two and one-half feet off of lots 8, 9, and 10, next to and adjoining lot No. 11 in block 35; and plaintiff alleges that defendants have already excavated upon, over, and across a portion of plaintiff's property and have commenced a foundation for said building thereon, and that they have encroached upon and intended to construct and erect a portion of their said building on about two and one-half feet of the plaintiff's property on the lots next to and adjoining and parallel with lot number 11, being about two and one-half feet off of lots numbers 8, 9, and 10 in block 35." In no part of the petition was there any claim made to any part of lot 11, but in the petition it is admitted that appellees owned lot No. 11, and the cause of complaint was that appellees were endeavoring to take a part of lots 8, 9, and 10. Appellant could recover no more than he claimed, and under his pleadings the only issue presented was as to the boundary line between lots 8, 9, and 10 and lot 11. That being the only issue, it follows that the court did not err in giving the charge of which complaint is made. It does not matter that the evidence tended to raise the issue of limitations; the court correctly held that no issue could be considered except one raised by both pleadings and evidence. "Facts proved can not form the basis of a judgment unless alleged." Chrisman v. Miller, 15 Texas, 159; Wallace v. Bogel, 62 Texas, 636; Railway v. Anderson, 76 Texas, 244.

It is also condended by appellant that the charge restricts the jury to finding only a part of the line between the lots. If that was the intention of the charge, it was justified, as the only issue raised by the evidence was as to the back part of the line. The charge seems to intend that the jury should find the whole line, however, and the jury so interpreted it, and fixed the line in its entire length between lot No. 11 and lots 8, 9, and 10. In the fourth assignment it is admitted that "the only question was as to the line between said property from what was known as the old Texas House and the rear end of lot No. 11," and appellant is in no position to complain that the charge presented that issue alone.

What has beeen written disposes of all questions raised in the brief.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.