Neff v. Covington Stone and Sand Co. (two cases). Holmes, *et als.*,
  v. Same. Morton, *et als.*, v. Same. Wallace, *et als.*, v. Same.

---

CASE 61—ACTION TO ENFORCE LIEN FOR STREET IMPROVEMENT—MARCH
   10, MAY 10 AND MAY 11.

# Neff v. Covington Stone & Sand Co. (two cases). Holmes & Others v. Same. Morton & Others v. Same. Wallace & Others v. Same.

APPEAL FROM KENTON CIRCUIT COURT.

ACTION BY COVINGTON STONE & SAND CO. AGAINST MARY NEFF, ET
   ALS. TO ENFORCE LIENS FOR STREET IMPROVEMENTS.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

CORPORATIONS—CONTRACTS—STREET   ASSESSMENTS—DISCRETION   OF
   TRUSTEES OF TOWN RECORDS—JUDGMENT—SUFFICIENCY IN DE-
   SCRIBING LAND AS WELL AS TIME, PLACE AND TERMS OF SALE.

Held:  1. A corporation may contract by a name other than its cor-
   porate name, provided it is apparent that it is the contracting
   party.

Neff v. Covington Stone and Sand Co. (two cases). Holmes, *et als.*, v. Same. Morton, *et als.*, v. Same. Wallace, *et als.*, v. Same.

2. A town of the sixth class is not required to improve a street throughout its entire length, but may limit the improvement to the necessities of the town at the time.

3. While the town authorities can not improve a street by piece-meal, so as in all to exceed twenty-five per centum of the value of the property to be charged, that question can not be raised unless it appears that the limit has in fact been exceeded.

4. The charter of towns of the sixth class is not unconstitutional, in that it allows the trustees a discretion as to how street improvements are to be paid for.

5. While a contract for a street improvement must be let to the lowest bidder, it will not be held that this was not done when there is enough in the record to raise the presumption that the trustees did their duty, the same strictness not being required in the records of towns as is required in courts of record.

6. When a judgment for the sale of real property, taken in connection with the petition, identifies the property with such certainty that the purchaser will know what he has bought, and that the judgment can be executed without difficulty, it is sufficient.

Held in extended opinion: 1. A judgment should be certain as to the description of real property ordered to be sold, as well as to the time, terms and place of sale; and it is not sufficient that the property may be identified by a reference to the pleadings, or that the time and terms of sale are fixed by a rule of court referred to in the judgment.

2. The judgment should be so explicit that the Commissioner should not be required to look to any other paper for direction.

J. W. BRYAN AND R. S. HOLMES, ATTORNEYS FOR APPELLANTS.

1. Premature Judgments. Kentucky Statutes, sec. 996.

2. Fatal omission from record. Kentucky Statutes, secs. 3707 and 3684.

3. Presumption in favor of proceedings of town trustees. Nevin v. Roach, 86 Ky., 492; City of Lexington v. Headley, 5 Bush, 509; Lock v. Com., by &c., 15 L. R., 840; Taylor v. Henry, 2 Pick., 403; City of Covington v. Ludlow, 1 Met., 295; Dillon's Munic. Corporations, vol. 1, (4th ed.), sec. 297; City of Louisville v. McKegney, 7 Bush, 651; Raymond v. Smith, 1 Met., 65.

4. Parol evidence to supply omission of record. Minor v. McLean, 4 McLean, 138 and 140; L., St. L. & T. R. R. Co. v. Newsom, 13 L. R., 174; Am. & Eng. Ency. of Law, vol. 20, 510, 511.

5. Right to amend record. Am. & Eng. Ency. of Law, vols. 15, 1077,

Neff v. Covington Stone and Sand Co. (two cases).  Holmes, *et als.*,
v. Same.  (Morton, *et als.*, v. Same.  Wallace, *et als.*, v. Same.

---

sec. 7;  Boston Turnpike Co. v. Town of Pomfret, 20 Conn., 589;
Covington v. Ludlow, 1 Met., 259.

6. Work must be let to lowest bidder.  Am. & Eng. Ency. of Law,
vol. 15, 1090, sec. 4.

7. Charter provisions imperative.  Kaye v. Hall, 13 B. M., 455; Worth-
ington v. City of Covington, 82 Ky., 265; McGrath v. Shelbyville,
13 L. R., 588; 2 Dillon, 940; Merritt v. Port Chester, 71 N. Y.,
309; Scammon v. Chicago, 40 Ill., 146.

8. Presumptions can not supply omissions of record.  Cooley on Law
of Taxation, page 332; Pearson v. Zable, 78 Ky., 170.

9. Judgment in the Holmes case did not sufficiently describe the
property.  Meyer v. City of Covington, 20 L. R., 239; Civil Code,
696.

O'HARA & ROUSE, ATTORNEYS FOR WALLACE, APPELLANT.

1. Record does not show that the work was let to the lowest bid-
der, as required by city charter.  Ky. Stats., secs. 2770 and 3684.

2. Appellee attempted to supply the record by parol testimony.  This
was error.  Covington v. Ludlow, 1 Met., 295.

3. The town itself must pay the contractor for this work.

4. The fact that appellant, Wallace ,petitioned for the improvement
of the street, does not estop him from objecting to the work be-
ing done illegally.

5. Wallace's case was prematurely submitted.

W. H. MACKOY FOR APPELLANT, NEFF.

1. It must appear from the record of the proceedings of the trustees
of Central Covington that the Covington Sand & Stone Com-
pany was the lowest responsible bidder for the work, or it can
not recover.  It is not competent to show this by parol testi-
mony.

2. These cases were prematurely submitted for judgment before the
expiration of thirty days after completing issues.  Sec. 996, Ky.
Stat.

3. Cities of the sixth class are not authorized by their charter to
order construction of a part of a street, and assess the cost
thereof against abutting property owners.

4. Section 3706, Kentucky Statutes, is unconstitutional, in that it
permits the trustees of a town to impose upon the property
owners the burden of an assessment for the construction of a
street, abutting upon his property, and also compels him, at the
will of the trustees to bear the burden of paying for the con-
struction and repair of streets in front of property belonging to

Neff v. Cov:ngton Stone and Sand Co. (two cases). Holmes, *et als.*, v. Same. Morton, *et als.*, v. Same. Wallace, *et als.*, v. Same.

other persons by the imposition of a general tax for that purpose. Ky. Stats., sec. 3706, 3707, 3684, 3698 and 1629; Covington v. Woods, 3 Ky. Law Rep., 85; Murphy v. Louisville, 9 Bush, 189-194; Worthington v. Covington, 82 Ky., 265; Henderson v. Lambert, 14 Bush, 24; Broadway Bap. Church v. McAtee, 8 Bush, 508; McGrath v. Supervisors, 13 Ky. Law Rep., 588; Craycraft v. Selvage, 10 Bush, 696-708; Caldwell v. Rupert, 10 Bush, 179; Covington v. Ludlow, 1 Met., 275; Dillon on Mun. Corporations (4th ed.), sec. 300, note; City of Lowell v. Wheelock, 11 Cushing, 391; Harris v. Whitcomb, 4 Gray, 433; Morrison v. Lawrence, 98 Mass., 219; Louisville v. McKegney, 7 Bush, 651; L., St. L. & T. R. R. Co. v. Newsom, 13 Ky. Law Rep., 174; Cooley on Taxation, pages 2, 110, 111, 450 and 180; Cooper v. Nevin, 90 Ky., 85; Howell v. Bristol, 8 Bush, 493; Lex. v. McQuillan's Heirs, 9 Dana, 515; Covington v. Matson, 17 Ky. Law Rep., 1323; Dillon on Mun. Corporations (3d ed.), sec. 736-7; Cases Commented on: Bank v. Dandridge, 12 Wheaton, 64; Dillon (4th ed.), sec. 300; Lexington v. Headley, 5 Bush, 508.

SIMMONS & SIMMONS FOR APPELLEE, COVINGTON STONE & SAND CO.

1. The lowest responsible bidder.
2. The presumption is always in favor of the regularity of council proceedings.
3. After asking for, or standiing by, and permitting this improvement to be made, the appellants can not object to the manner in which the contract was awarded. Ky. Stat., sec. 3706; City of Covington v. Ludlow, 1 Met., 295; Dillon's Mun. Corporations (4th ed.), sec. 300; Lock v. Com., 15 Ky. Law Rep., 840; Lexington v. Headley, 5 Bush, 508; Nevin v. Roach, 86 Ky., 492; Weigham & Bro. v. Central Cov.
4. The improvement of a part of the streets of a city, at the expense of the abutting property owners, and of other streets at the cost of the public, does not necessarily constitute an inequality.
5. A local assessment is not a tax in the ordinary acceptation of the term.
6. All the appellants, except the Neffs, are estopped from pleading any unconstitutionality of this case. People v. Mayor of Brooklyn, 4 N. Y., 419; Cooley's Con. Limitations, 625; Cooley on Taxation, 628; City of Covington v. Matson, 17 Ky. Law Rep., 1323; Ferguson v. Landrum, 1 Bush, 548; 5 Bush, 230; Scoville v. Cleveland, 1 O. S., 133.

Neff v. Covington Stone and Sand Co. (two cases). Holmes, *et als.*,
v. Same. Morton, *et als.*, v. Same. Wallace, *et als.*, v. Same.

O. P. SCHMIDT, FOR TOWN OF CENTRAL COVINGTON.

1. The appellants, who petitioned the trustees to make this improvement and stood by and saw the contract, awarded the work done and accepted and the tax levied, and waited until they had obtained all the benefits of the improvement without protest, are now estopped from making any question whatever.
2. Kentucky Statutes, 3706, is not unconstitutional.
3. The proceedings of the trustees are not unlawful because the streets were not improved their *entire length*.
4. The work was let to the lowest responsible bidder and was done in strict accordance with the ordinance and contract, and was accepted, and the tax apportioned and levied.
5. The judgment was not premature; and if it was, it is a clerical misprision and not grounds for a reversal without motion made in lower court to set it aside. Ky. Stats., 3684, 3706, 3707, 3698; Civil Code, 517, 516, 519, 763, and authorities cited by counsel for Covington Sand & Stone Co.; also City of Louisville v. Hyatt, 2 B. Mon., 177; Town of Bowling Green v. Hobson, 3 B. Mon., 478; Fox v. Middlesboro Town Council 16 Law Rep., 456.

ORIGINAL OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING, ON MARCH 10, 1900.

These nine appeals have been heard together. The suits were brought to enforce liens for street improvements in Central Covington, a town of the sixth class. A great many grounds of reversal are urged, none of which seems to us available.

The actions were not prematurely submitted, as the pleadings raised no issue of fact material to the controversy. All the questions presented in the voluminous briefs of counsel filed are matters of law arising on the face of the record.

A corporation may contract by a name other than its corporate name, and from the bond and contract here, taken together, it is apparent that the appellee was the contracting party whose bid was accepted by the town authorities. This was clear at the time to all the parties.

Neff v. Covington Stone and Sand Co. (two cases). Holmes, *et als.,*
v. Same. Morton, *et als.,* v. Same. Wallace, *et als.,* v. Same.

A town of the sixth class is not required to improve a
street throughout its entire length, but may limit the im-
provement to the necessities of the town at the time.
Now, is the statute unconstitutional because it allows the
trustees a discretion as to how the improvements are to
be paid for? Such statutes have been in existence in the
State for years. The statute in the case of Town of Bow-
lig Green v. Hobson, 3 B. Mon., 478, is very different from
the one before us. While the town authorities can not im-
prove a street by piecemeal, so as in all to exceed 25 per
centum of the value of the property to be charged, it does
not appear that this has been done in this case, and such
a question can not be raised unless it appears that the lim-
it has been in fact exceeded.

The contract must be let to the lowest bidder, but there
is enough in the record before us to raise the presumption
that the trustees did their duty. The records of towns
are not held to the same strictness as courts of record.
City of Covington v. Ludlow, 1 Metc., 295.

The judgments, when taken in connection with the
pleadings, sufficiently identify the property ordered to be
sold. It is sufficient if the petition and judgment together
identify the property with such certainty that the pur-
chaser will know what he has bought, and the judgment
can be executed without difficulty.

On the whole record, we see no substantial error to the
prejudice of appellants as the pleadings stood when the
cases were submitted. Judgments affirmed.

EXTENDED OPINION BY JUDGE HOBSON ON MAY 10, 1900. REVERSING IN
EACH OF THE CASES.

Upon a reconsideration of these cases, our attention
is called to some defects in the judgment not observed

on the original hearing, from our attention being direct-
ed mainly then to other matters; and we have also con-
cluded that under previous decisions of this court a judg-
ment of sale should sufficiently identify the property, with-
out reference to the pleadings or other papers filed in the
action.    The judgments in these cases simply direct the sale
of the property according to rule No. 40 of the court below,
without fixing the time or terms of sale, or the notice to
be given by the officer before selling.  A judgment pre-
cisely like this was held insufficient in Meyer v. City of Cov-
ington, 45 S. W., 769, where this court, after reviewing
the previous cases, said: "There should be a sufficient de-
scription of the real estate ordered to be sold as will en-
able the purchaser or bidders to know with reasonable cer-
tainty what property was being offered for sale, and the
report of the commissioner should in like manner be suf-
ficient, to the end that there should be no controversy af-
ter the sale as to what property was sold or purchased.
Explicit directions should be given to the commissioner
as to the time, terms, and place of sale, in order that all
such sales should be made as required by law.  The judg-
ment should be explicit in regard to the property ordered
to be sold, as well as to the time, terms, and place of
sale, so that the commissioner should not be required to
look to any other paper or order for directions.  If the
commissioner   should   be   allowed   to   look   to   any-
thing  other  than  the  judgment  as  his  guide,  he
might  very  innocently  sell  property  not  adjudged  to  be
sold, or sell it upon terms not authorized by law.  In other
words, the judgment should specifically direct the commis-
sioner what to do, and not leave him to draw his conclu-
sions from any other paper, or from any other source of in-

formation." Under the rule thus established, the judgments in these cases are insufficient. The judgments in each of these cases are therefore reversed, and the causes remanded for judgments and further proceedings not inconsistent with this opinion.