JOHN BROWDER ET AL. V. MEMPHIS INDEPENDENT SCHOOL DISTRICT.

No. 2783. Decided December 22, 1915.

**1.—Jurisdiction—Special Term—Trial of New Case.**

A case commenced by plaintiff to the next regular term of the District Court was properly tried at a special term called by the district judge at an earlier date, where defendant entered appearance at that term and demanded trial, though plaintiff interposed a plea to the jurisdiction. (Rev. Stats., arts. 1720, 1723, 1724.) (Pp. 536-538.)

**2.—Same.**

Though no new civil cases can be brought to a special term of the District Court (Rev. Stats., art. 1723) the court has jurisdiction to try a case previously brought to the regular term succeeding it, where defendant, though he could not be cited to appear at such special term, enters his voluntary appearance thereat. Such article prohibits the bringing of a new case to the special term, not its trial thereat; and such case stands as one brought during a regular term, which may be tried thereat if defendant has entered appearance, though he could be cited to answer only at the next regular term. (Pp. 537, 538.)

**3.—Jurisdiction of Supreme Court—Substantive Law.**

Where the jurisdiction of the Supreme Court rests on alleged error in substantive law, it is without authority to review the rulings of the appellate court upon the refusal of a continuance or the admission of evidence. (P. 538.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Hall County.

Browder and others sued the Memphis Independent School District, and obtained writ of error on the affirmance, on their appeal, of a judgment for defendant.

*Moss & Leak* and *H. D. Spencer,* for plaintiffs in error.—Only undisposed of civil cases, which the District Court had jurisdiction to try

and dispose of at a previous regular term of said court, can be tried and a valid judgment entered at and during a special called session of said court, there being no statutory authority giving the District Court jurisdiction to try a new civil case, whose process is issued to a subsequent regular term of said court, at a special called session of said court. Vernon's Sayles' Civil Statutes, 1914, arts. 1723 and 1724; Doss v. Waggoner, 3 Texas, 515; Hunton v. Nichols, 55 Texas, 217; Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 88 Texas, 468, 27 S. W., 100; Ex parte Ellis, 37 Texas Cr., 539, 40 S. W., 276.

*Pressler & Thorne,* for defendant in error.—A district judge has authority to order a special term of the District Court in any county in his district whenever in his opinion it may become advisable to do so and to set down for trial at such special term any case then pending upon the District Court docket of such county and is not confined to the cases pending at the last preceding regular term of such court and there was no error in overruling plaintiff's plea to the jurisdiction of the court to try this cause at said special term. Constitution of Texas, art. 5, sec. 7; Rev. Stats., 1911, art. 1720; Towns Texas Pleadings, p. 9; Mayhew v. State, 155 S. W., 191-201; McIntosh v. State, 120 S. W., 455; Ex parte Boyd, 96 S. W., 1079; Ex parte Young, 49 Texas Cr., 536, 95 S. W., 98; Valdez v. State, 160 S. W., 341.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The purpose of the suit, instituted by the plaintiffs in error, was to have annulled an order of the trustees of the Memphis Independent School District for the issuance of bonds in the amount of $40,000 for the benefit of the district, and to obtain a cancellation of the bonds. A previous suit had been filed by the same plaintiffs against the same defendants, on January 20, 1914, in which an injunction was applied for to restrain the sale of the bonds. Its trial was entered upon at the regular term of the court, but the plaintiffs took a non-suit. That term of the court adjourned on January 21, 1914. This suit was filed on January 23, 1914, and was properly returnable to the next regular term, convening on June 1, 1914. The district judge on February 12, 1914, ordered a special term of court, to convene February 26, 1914, for the purpose, it appears, of trying this case, the defendants having requested that a special term be ordered for that purpose. The defendants appeared and answered at the special term, and the case was tried at such term, resulting in a judgment for the defendants, a plea to the jurisdiction interposed by the plaintiffs being overruled. The principal question in the case is in respect to the authority of the court to try the case at the special term. The plaintiffs in error contend that it had no such authority.

The articles of the statutes which bear upon the question are as follows:

"Art. 1720. Whenever it may become advisable, in the opinion of

a district judge, to hold a special term or terms of the District Court in any county in his district, such special term or terms may be held; and such district judge may convene such special term at any time which may be fixed by him. . . ."

"Art. 1723. No new civil cases can be brought to a special term of the district court."

"Art. 1724. The juries for any special term shall be summoned in accordance with the law regulating juries at regular terms of court; and at any special term all proceedings may be had in any case which could be had at any regular term of such court; and all process issued to a previous regular term or to such special term, and all orders, judgments and decrees, and all proceedings had in any case, criminal or civil, which would be lawful if had at a regular term, shall have the same force and effect; and any proceeding had may be appealed from under the same rules, regulations and limitations as provided for in appeals from regular terms of court."

A court acquires jurisdiction over a plaintiff by his submission to it of the cause of action which he alleges. A voluntary appearance is as effectual to confer jurisdiction over a defendant as the due service of process. The case was cognizable by the District Court. The defendants, as already stated, entered their appearance at the special term. The question of the court's jurisdiction, therefore, does not arise unless the effect of article 1723 is to interdict the trial of a new civil case at a special term of the District Court.

Article 1723 prohibits the bringing of a new civil case to a special term; and it is plain that a defendant would not be required to answer at such term. It does not purport to deal with the power of the court to try a new civil case at a special term where its jurisdiction of the defendant is made complete by other means than the service of process. It is apparent that the purpose of the article was to make it clear that such cases should be brought, not to the special term, but to the succeeding regular term, as prescribed by article 1852. But according to its terms it has no further scope than a regulation in respect to the term to which such cases shall be returnable,—a different matter from the authority of the court to try such a case at the special term where the defendant submits himself to the jurisdiction. If it had been the intention of the Legislature that under no circumstances should a new civil case be triable at a special term, it must be assumed that it would have expressed that purpose in language much more direct than that employed in this article.

As affecting the court's jurisdiction, under article 1723, to try the case at the special term, the question presented is not materially different from that of the authority of the court to try at a regular term a suit filed during such term where the defendant then appears and answers. In such an instance there would be, under article 1852, as clearly a denial of any authority to bring the case to the regular term, as there is under article 1723 to bring a new civil case to a special term. Yet,

in virtue of the defendant's appearance, there could be no doubt of the case being triable at that term. Pierson v. Burney, 15 Texas, 272; Lang v. Henke, 22 Texas Civ. App., 490, 55 S. W., 374.

The purpose of the original Act of 1879, of which article 1723 is a part, and the amendatory Act of 1905, was to provide for the facilitation of the business of the court, and their provisions should be construed so as to accomplish the purpose of their enactment. It can hardly be supposed that the object of article 1723 was, in part, to prevent the trial, though with the consent of the parties, of any new civil case at a special term. Yet such would be the effect of the article if it be given the construction for which the plaintiffs in error contend. There is nothing in the several articles relating to the subject which confines the cases triable at a special term to only those which were triable at a preceding regular term; and in the absence of such express provision, they ought not to be so construed.

The provision in article 1724, that all process issued to a previous regular term should have the same force and effect at the special term, is of no controlling influence upon the question. It merely makes such process available for the special term. There is no suggestion in the provision that the court at the special term is limited to that process, and, for such reason, only cases triable at a previous regular term may be then tried. The same article provides for the issuance of process to the special term; and even without such provision we think the court would have that power.

Under the appearance of the defendants at the special term, there can be no question of the jurisdiction of the court to try the case at that term.

The assignment of error relating to the action of the trial court in overruling the plaintiff's motion for a continuance, does not present a question of substantive law, and we therefore have no jurisdiction to review that ruling. For the same reason we are without authority, under the remaining assignment in the petition for a writ of error, to review the action of the Court of Civil Appeals upon the assignments of error made in that court concerning the rulings of the trial court on the admission of certain testimony. The admissibility of this testimony can not be said to constitute a question of substantive law in this case.

The judgments of the District Court and the Court of Civil Appeals are affirmed.