**FORT WORTH ACID WORKS et al. v. CITY OF FORT WORTH et al. (No. 10438.)** *

(Court of Civil Appeals of Texas. Fort Worth. Dec. 9, 1922. Rehearing Denied Feb. 3, 1923.)

**1. Injunction ⬅30—Defendants not required to answer or stand trial on merits, when cited to appear to show cause why injunction should not be granted.**

In a suit to enjoin defendant from operating its acid plant, where, on the presentation of the petition on September 18th, the court directed that defendants be cited to appear on September 23d following and show cause why a writ of injunction should not be issued as prayed, the defendants were not required to answer the petition and stand trial on the case on its merits, and the most that the court could do was to have granted a temporary restraining order, pending the trial on the merits, in the absence of a waiver by defendants of the time allowed them under the law to answer to the merits.

**2. Injunction ⬅30—Motion by defendants to postpone hearing on injunction until next term held to preserve right to the time allowed to answer and stand trial on merits.**

The fact that defendants, cited to appear and show cause why injunction should not be granted, filed a motion to postpone the hearing until the next term, *held* to show that they did not waive the statutory time in which to answer and stand trial on the merits.

**3. Injunction ⬅30—Filing answer few days before motion to postpone hearing held not waiver by defendants of statutory time to answer and stand trial on merits.**

The fact that defendants cited to appear and show cause why an injunction should not be granted, filed an answer, even a few days before their motion for postponement, would not, alone, constitute a waiver of the time allowed them under the law to answer to the merits, because largely the same pleadings by defendants would have been proper in an answer to a petition to secure a temporary injunction or restraining order, as would have been required against a petition seeking a perpetual injunction.

**4. Appeal and error ⬅1152—Appellate court cannot reform judgment of trial court and make temporary restraining order out of permanent injunction.**

The appellate court cannot reform a judgment of the trial court by making it a temporary restraining order instead of a perpetual or permanent injunction.

**5. Injunction ⬅144—Court cannot grant temporary injunction where petition prays only for permanent injunction.**

Where the petition prays only for a perpetual injunction, the court is not authorized to grant a temporary injunction.

**6. Judgment ⬅1—Defined.**

A judgment is the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it in an action or proceeding.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment (In Law).]

**7. Judgment ⬅194 — Purported judgment, leaving undecided question essential to determination of controversy, bad for uncertainty.**

A purported judgment, which leaves undecided a question or issue essential to the determination of the controversy between the parties, is bad for vagueness and uncertainty.

**8. Appeal and error ⬅80(3)—No appealable judgment while necessary for court to determine some issue of fact or law.**

There can be no judgment from which an appeal can be taken, while it remains necessary for the court to determine some issue of fact or law.

**9. Injunction ⬅204—Held bad for uncertainty.**

A judgment attempting to enjoin the operating of an acid plant, which does not restrain defendants from operating it as they had been at the time the petition was filed, or from operating it in any other definite or fixed way, is bad for uncertainty.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by the City of Fort Worth and others against the Fort Worth Acid Works and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

H. A. Turner, of Fort Worth, for appellants.

Rhinehart Rouer, Raymond Buck, and Gillis Johnson, all of Fort Worth, for appellees.

BUCK, J. This is a suit for a permanent injunction by the city of Fort Worth and certain named citizens, to restrain the Fort Worth Acid Works and Paul Roessner, its vice president and general manager, "from operating its acid plant for the purpose of reclaiming sulphuric acid or any other product

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted March 28, 1923.

offensive and injurious to the health and comfort of plaintiffs." It was alleged in the petition that the defendants were operating the plant in such a way that it emitted obnoxious gases, fumes, odors, etc., which penetrated the homes of certain citizens of Fort Worth and injured their health and interfered with their comfort, etc. The petition was filed in the Sixty-Seventh district court September 18, 1922. Upon its presentation to the judge of said court, the judge indorsed thereon the following order:

"The clerk will issue a notice to defendant instanter to appear in this court at the hour of 9 o'clock a. m. Saturday morning September 23, 1922, then and there to show cause why the writ of injunction prayed for herein by plaintiff should not be granted as prayed for."

On said September 23d, the plaintiff and defendant appeared in court, and the hearing was postponed to September 26th. The defendants on September 23d filed their answer, and on September 26th filed a motion to postpone the hearing until the next regular term of the court, which began the first Monday in December, following. This motion was overruled. On September 27th, the plaintiff filed its first amended original petition, in which the city of Fort Worth appeared as the only plaintiff, the citizens who had joined in the original petition as plaintiffs having been dismissed, in response to exceptions urged by defendants that their presence in the original petition constituted a misjoinder of parties plaintiff. Upon special issues submitted, the jury found that the operation of the defendants' plant in the manner in which it had been operated was injurious to persons of ordinary sensibilities, habits, and tastes residing in the part of the city where the plant was located. Whereupon, the court entered judgment granting plaintiff a permanent injunction—

"restraining defendants from maintaining or operating their acid plant in such a manner as to cause noxious and unpleasant air, odor, gases, and vapors to be discharged from said plant in such a manner as to interfere with citizens and inhabitants of the city of Fort Worth, who travel the above-named public streets, highways, alleys, and sidewalks. And the said defendants and each of them are hereby restrained from maintaining or operating their said plant in such manner as to cause gases, vapors, and odors to be discharged of such a nature as will be injurious to the health or comfort of citizens and inhabitants of the city of Fort Worth in attending public worship or schools located in said section of the city above described."

From this judgment the defendants have appealed. Only one assignment need be considered, that the trial court erred in overruling defendants' motion to postpone the hearing, upon the merits of the case, until the next term of the court, and erred in granting a perpetual injunction upon a hearing had at the term in which the suit was filed, and when the defendants did not waive their right to have the cause go over to the next term of the court. In Riggins v. Thompson, 96 Tex. 154, 159, 71 S. W. 14, 16, the Supreme Court, speaking through Chief Justice Gaines, said:

"The defendants were not under the law required to answer at that time the petition upon its merits, unless served ten clear days before the beginning of the term. They could not have been called upon to answer the case and go to trial at that term. It is · obvious, therefore, that the judge did not attempt to fix a time in which they were required to answer as to the whole case, but merely to name a date at which they should appear and show cause why an injunction, which was to operate until the final termination of the suit, should not be granted."

[1-5] So, in this case, the defendants were not required to answer the petition and stand trial on the case on its merits. The most that the trial court or the judge thereof could do was to grant a temporary restraining order, pending the final trial on the merits, in the absence of a waiver by defendants of the time allowed them under the law to answer to the merits. That they did not waive this right is shown by their motion to postpone the hearing till next term. The fact that the defendants filed an answer, even a few days before the motion for postponement was filed, would not, alone, in our opinion, constitute a waiver, because largely the same pleadings by defendants would have been proper in answer to a petition to secure a temporary injunction or restraining order as would have been required against a petition seeking a perpetual injunction. Nor can we reform the judgment rendered by the trial court by making the judgment a restraining order instead of a perpetual or permanent injunction. Plaintiff did not pray for a temporary injunction, and it has been held that, where the petition only prays for a perpetual injunction, the court is not authorized to grant a temporary injunction. In Hoskins et al. v. Cauble (Tex. Civ. App.) 198 S. W. 629, and Boyd v. Dudgeon (Tex. Civ. App.) 192 S. W. 262, it is held that a temporary writ or restraining order will not be granted unless specially prayed for in the bill. While in the Hoskins Case, supra, it is conceded that there is a conflict of decisions as to this rule of practice, yet it seems that our Texas courts have followed the more restricted rule. It has been suggested that in Riggins v. Thompson, supra, the Supreme Court held that, where the trial judge or court granted an injunction permanent in its character, the appellate court could reform the judgment and make the injunction temporary in its effect. But a careful reading of Riggins v. Thompson will show that the Supreme Court did not so hold.

The plaintiff's first amended original petition has the following prayer:

"Wherefore plaintiff prays the court that a writ of injunction issue herein restraining the defendants and each of them from maintaining and operating said acid plant for the purpose of reclaiming sulphuric acid or carrying on any other trade, business, or occupation offensive and injurious to the health and comfort of the said citizens and the inhabitants of this city residing in the vicinity and the general community thereabout, or interfering with the use of any of the public places or ——— hereinbefore mentioned and restraining said defendants and each of them from so using said premises, place, buildings, and plant or any part thereof for the purposes aforesaid and from further continuing the conduct of said business in the manner complained of. Defendants having already appeared and answered herein, plaintiff prays that on final hearing hereof it have its judgment that said injunction be made perpetual, for costs of suit and for such other and further relief, special and general, at law and in equity, as to which the plaintiff may show itself to be justly entitled."

It will be noted that there is no special prayer for a temporary restraining order, and, under the authorities cited, the absence of a special prayer for temporary restraint would make the petition insufficient to sustain an order and judgment for a temporary injunction. Moreover, counsel for the plaintiff, in oral argument before this court, admitted that its prayer was not for a temporary restraining order, but for a perpetual injunction. Hence, we conclude that we cannot reform the judgment by making the injunction temporary instead of perpetual, and affirm it. Moreover, some of us think that the judgment rendered is too indefinite to operate as a final judgment. Two paragraphs of the judgment will explain what we mean by the judgment being too indefinite. The paragraphs read:

"And the said defendants and each of them are restrained from maintaining or operating their said plant in such a manner as to cause noxious and unpleasant air, odor, gases, and vapors to be discharged from the said plant in such manner as to interfere with citizens and inhabitants of the city of Fort Worth who travel the above-named public streets, highways, alleys, and sidewalks.

"And the said defendants and each of them are hereby restrained from maintaining or operating their said plant in such manner as to cause gases, vapors, and odors to be discharged of such a nature as will be injurious to the health or comfort of citizens and inhabitants of the city of Fort Worth in attending public worship or schools located in said section of the city above described."

[6] Various definitions of a judgment have been given by text-book writers and the courts but the definition given in 15 R. C. L., p. 569, § 2, is sufficient for this discussion. It says:

"A judgment is the law's last word in a judicial controversy. It may therefore be defined as the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it, in an action or proceeding."

[7, 8] A purported judgment which leaves undecided a question or issue essential to the determination of the controversy between the parties is bad for vagueness and uncertainty.

"Sometimes several issues of law and of fact are presented for the consideration of the court in the same suit or proceeding. In such case there can be no judgment from which an appeal can be taken while it remains necessary for the court to determine some issue of law or of fact." Freeman on Judgments, p. 21, § 20.

[9] In order to enforce the judgment herein rendered, it would be necessary for the court to find in a separate hearing that the defendants were maintaining and operating their plant in such a manner—

"as to cause noxious and unpleasant air, odor, gases, and vapors to be discharged from the said plant in such manner as to interfere with citizens and inhabitants of the city of Fort Worth who travel the above named public streets, highways, alleys, and sidewalks."

In other words, the trial court, on a hearing of a motion for contempt for an alleged violation of this injunction, would have to hear largely the same character of evidence as was required to sustain the injunction in the first instance. The judgment here rendered does not restrain the defendants from operating the plant as they had been operating it at the time the petition was filed, or from operating it in any other definite or fixed way. It is necessary to the validity of a judgment that it should be certain and definite, or be capable of being made so by proper construction; and to this end it should state clearly the time of its rendition, the matter in dispute, and particularly the result of the action with the relief granted, so that what the judgment gives, orders, or decides "should be clearly apparent." 23 Cyc. p. 671, § 8. Under this section is cited a number of decisions, including some from this state.

In Gregory v. Blanchard, 98 Cal. 311, 33 Pac. 199, the California Supreme Court held that a provision in a judgment requiring defendant "to deliver the possession of said franchise to collect the tolls on the * * * toll road, and to deliver the possession of all property necessary for the exercise of the powers and the receipts of the proceeds thereof," was too indefinite to constitute a determination of the rights of the parties. See, also, another California case, Wallace et al. v. Farmers' Ditch Co. et al., 130 Cal. 578, 62 Pac. 1078. See, also, Neff v. Sand Co., 108 Ky. 457, 55 S. W. 697, 56 S. W. 723.

We think the judgment should be so specif-

ic that the defendants would know how to observe it, and when they were violating it. In the opinion of the majority, the defendants could not so determine from the judgment in the instant case.

Judgment reversed, and cause remanded.

### On Motion for Rehearing.

Appellee, in its motion for rehearing, strenuously urges that we erred in many respects in our former opinion and judgment. First, that we erred in holding that the trial court should have sustained the appellants' motion to postpone the hearing upon the merits of the case until the next term of court. Counsel for appellee states that in such holding we are in direct conflict with the San Antonio Court of Civil Appeals in the case of Lang v. Henke, 22 Tex. Civ. App. 490, 55 S. W. 374, and in Guerra v. Guerra, 213 S. W. 360, and with the Supreme Court in Browder v. Memphis Ind. School District, 107 Tex. 535, 180 S. W. 1077. In Lang v. Henke, supra, writ of error denied, the plaintiff was appellant. In the court below the plaintiff insisted on a jury trial. The cause was set for trial by the court, and, prior to the date for which it was set, the jury had been discharged. The plaintiff insisting on a jury, the court appointed three jury commissioners, and a jury was drawn, and the cause was tried. Appellant made no motion for a continuance, but objected to the case being tried because the suit was not instituted 10 days before the beginning of the current term. The defendants had waived their right to have the case passed over to the next term, and the plaintiff was held to be in no position to complain. As said in the case of Browder v. Memphis Ind. School District, supra,

"A court acquires jurisdiction over a plaintiff by his submission to it of the cause of action which he alleges. A voluntary appearance is as effectual to confer jurisdiction over a defendant as the due service of process."

But we do not think in the instant case that the filing of an answer by defendant to plaintiffs' original petition, in which a temporary injunction was prayed for, could be held to be a waiver of the defendant's right to have the cause passed over until the next term for a hearing on its merits. We do not find any holding in any of the cases cited by appellee, or in any other case examined by us, in our opinion contrary to the holding in the original opinion.

The case of Williams v. Huling, 43 Tex. 113, and Wheeler & Dabney v. Roberts, 2 Willison Civ. Cas. Ct. App. § 127, and other cases cited by appellee to sustain its contention that the effect of the filing of an answer by the defendants was to put the defendants in court, are not cases involving injunctions or other special writs or equitable remedies.

At the time that the defendants below filed the motion to pass the hearing on its merits to the next term of court, the only pleading on file by the plaintiffs was their original petition, in which the prayer for relief was couched in terms sufficient to justify the trial judge to grant a temporary restraining order as well as a permanent injunction. Hence the defendants' answer was to the original petition, and we think the answer should reasonably be construed as replying to the prayer for a special restraining order.

The motion for rehearing is overruled.