## V. C. BOX, Sheriff, et al. v. H. F. KIRBY, District Judge, et al.
### No. 9897.

Supreme Court of Texas.
Oct. 27, 1931.

Claude Pollard, of Austin, F. A. Woods, of Franklin, Law Henderson, of Bryan, and C. S. Bradley, of Groesbeck, for complainants.

Edward J. Hamner, of Sweetwater, for defendants in error.

PER CURIAM.

We have examined the petition presented in this case, and find that the relief prayed for presents matters within the jurisdiction of the Court of Civil Appeals for the Tenth District, at Waco, Tex.; and, in accordance with the previous practice of this court, we decline to take jurisdiction of the petition until the Court of Civil Appeals has first acted upon the subject-matter.

This order of this court is made without prejudice to the merits of the subject-matter of the controversy, and without in any way considering its merits.

## MERCHANTS' COTTON OIL CO., Inc., v. ACME GIN CO. et al.
### No. 18401.

Supreme Court of Texas.
Oct. 28, 1931.

Beall & Beall, of Sweetwater, for plaintiff in error.

PER CURIAM.

The only question presented by the application for writ of error is one of admissibility of evidence. Since the evidence excluded does not necessarily control the case, nor present a question of substantive law, or any other question which the statute gives us the power to review, we are compelled to dismiss the application for want of jurisdiction. Browder v. Memphis Ind. School Dist., 107 Tex. 535, 180 S. W. 1077. However, we have examined the record on the subject of the admissibility of the telegram involved, and by dismissing this application we do not mean to indicate an agreement with the Court of Civil Appeals that the message was properly excluded.

## WILLIAMS v. STATE.
### No. 14752.

Court of Criminal Appeals of Texas.
Oct. 21, 1931.

Gentry & Gray, of Tyler, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

The offense is possessing intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.