## RUBY et al. v. MARTIN.
### No. 8680.

Court of Civil Appeals of Texas. San Antonio. Nov. 25, 1931.

Rehearing Denied Dec. 23, 1931.

Eskridge & Groce, of San Antonio, for plaintiffs in error.

Huggins, Kayser & Liddell, of Houston, for defendant in error.

FLY, C. J.

This writ of error was prosecuted by plaintiffs in error from a judgment by default rendered against them at a special term of the district court of the Thirty-Seventh district, on August 8, 1930. The judgment was rendered against M. E. Ruby and W. T. Cage for $15,000.

This case was filed in a district court of Travis county and was transferred on a plea of privilege to the Thirty-Seventh district court of Bexar county, and filed therein on May 31, 1930, at a regular term then in session. No answer had been filed in the cause when it was transferred, and none had been filed when the judgment by default was rendered.

■■ When a party files a plea of privilege, he is deemed to have made his appearance in the case, and that shall be considered a full appearance for every purpose except as a waiver of the right to a change of venue. Volume 4, Tex. Jur. § 14, p. 631; volume 11, Tex. Jur. § 75, p. 610. When the case was filed during the term of the district court of Bexar county, after the change of venue had been granted from Travis county, plaintiffs in error had made an appearance and were subject to a judgment by default in the Bexar county district court.

■■ The case was on the docket, plaintiffs in error were in court, and when the special term was called and plaintiffs in error had failed to file an answer, judgment by default could be taken. Rev. Stats. art. 1921. While no new cases can be instituted at a special term, any case on the docket can be disposed of as at a regular term. Browder v. School District, 107 Tex. 535, 180 S. W. 1077.

There is no error in the judgment, and it is affirmed.