

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. B. Baker
County Attorney
Coleman County
Coleman, Texas

Dear Sir:

Opinion No. O-1267
Re: District Clerk -- Fees of
office -- dismissal in vaca-
tion under Article 2089, R.
C. S.

Your request for opinion has been received by
this Department. We quote from your letter as follows:

"I am, as County Attorney of this County,
asking your construction of Article 2089 of the
Revised Civil Statute to the effect 'the plain-
tiff may enter a discontinuance on the docket
in vacation, in any suit wherein defendant has
not answered, on the payment of all costs that
have accrued thereon.'

"Under this article I desire to know whether
or not that the plaintiff, after filing suit and
before the defendant answers, in vaction, by en-
tering on the docket, in substance, now comes
the plaintiff by Attorneys and dismiss this case
in vacation after paying all costs of suit in-
curred and signed by plaintiff's Attorneys with-
out paying to the clerk a dollar for the act of
discontinuing, or act of dismissing, the case
in vacation and where the defendant has not an-
swered.

"Our District Clerk has construed that Arti-
cle to mean that she is entitled, under the
above circumstances, to charge a dollar the same
as if the case had been dismissed in Court and
an order and judgment entered just like during
term time.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"It is my contention that where it is dismissed, or discontinued, in vacation, under the above facts, that the Clerk would not be entitled to charge anything for the dismissal."

15 Tex. Juris., dismissal, discontinuance and non-suit, Section 8, pp. 242, 243, reads as follows:

"§ 8. _____ In Vacation.

"'The plaintiff may enter a discontinuance on the docket in vacation, in any suit wherein the defendant has not answered, on the payment of all costs that have accrued thereon.'

"This statute, which has been in effect with little modification since very early times, gives to the plaintiff, upon payment of costs, an unqualified right, if the defendant has not answered, to dismiss the suit, without any action of the judge. No order of court is necessary. When an answer has been filed the suit may not be dismissed in vacation, even by entry on the docket and payment of costs.

"As we have seen in an earlier article, the entry of a dismissal by an attorney is presumed to be authorized. The following entry has therefore been held to be sufficient although the statute states that the 'plaintiff may enter a discontinuance on the docket':

"'On the ___ day of _____, in vacation, the defendants _____, not having answered herein, the plaintiffs ___ enter this their discontinuance and dismissal of this suit; all costs that have accrued having been paid by plaintiffs.

Attys. for Plaintiffs'"

Article 3927, Revised Civil Statutes of Texas, lists the fees to which district clerks are entitled to receive in civil suits. There is no fee listed in this Article for a dismissal, or discontinuance under Article 2089; we are unable to find anywhere any authority which

Honorable W. B. Baker, Page 3

would authorize the district clerk to charge a fee under Article 2089. We find in Article 3927 that the clerk is entitled to One Dollar for each final judgment.

"A judgment is the final consideration and termination of a court of competent jurisdiction upon the matters submitted to it in an action or proceeding." Fort Worth Acid Words v. City of Fort Worth, 248 S. W. 822, 824, Words & Phrases, 3 Ed., Vol. 4, p. 607."

"Generally -- the courts construe strictly statutes prescribing fees, and reject implications as to the fixing of fees and the officers who are to receive them. . ." 5 Tex. Juris., Clerks of Court, Fees or Compensation, Section 20, p. 250.

It is the opinion of this Department that the action of plaintiff in entering a discontinuance on the docket in vacation in a suit wherein the defendant had not answered and the paying of all costs that had accrued thereon, would not be a judgment.

You are, therefore, respectfully advised that it is the opinion of this Department that under the facts stated in your letter, where the plaintiff enters a discontinuance on the docket in vacation, in a suit wherein the defendant has not answered, and where the plaintiff had paid all costs that have accrued thereon, that the district clerk would not be entitled to charge a fee of One Dollar for a final judgment, and that the clerk would not be entitled to charge anything for the dismissal.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

APPROVED AUG 18, 1939

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN