KELLY & ROBERTS v. S. T. ROBB.

(Case No. 1537.)

1. MEANING OF WORDS — PRACTICE — PRESUMPTION.— The words "saw timber," used in a contract as descriptive of the subject matter of a sale, have no necessary legal signification. Hence when a petition for injunction to restrain a defendant from cutting oak timber on land set up a contract under which defendant was authorized to cut "saw timber," but alleged that by those words was meant, by lumbermen, *pine timber*, a judgment perpetuating the injunction in the absence of a statement of facts will not be disturbed on account of the action of the court in overruling a demurrer to the petition. The presumption will be indulged that the court was informed by evidence as to the proper meaning of the words.

2. SAME — PLEADING.— In such a suit, such a contract was alleged to have been made with one defendant, and another was also made defendant who was charged with acting in connection with such contracting party in cutting and removing *oak* timber without plaintiff's consent or authority, and that he intended to continue to do so. *Held*, that the petition stated a good cause of action against both defendants.

ERROR from Trinity. Tried below before the Hon. John R. Kennard.

Suit by S. T. Robb against J. F. Kelly and J. W. Roberts, filed in the district court of Trinity county May 9, 1881, to enjoin the defendants from cutting and removing oak timber from plaintiff's land, and for damages. A writ of injunction was sued out. Defendants filed a general demurrer and motion to dissolve the injunction, and

a general denial. Judgment, May 1, 1882, for plaintiff, perpetuating the injunction, and for $180 damages. The judgment recited that the defendants failed to appear, but the court passed on and overruled their demurrer and motion to dissolve.

The petition complained of J. F. Kelly and J. W. Roberts as "doing business under the firm name of Kelly & Roberts, manufacturing lumber and operating a saw mill," and alleged that defendants were cutting and removing oak timber off the land; that on May 11, 1877, plaintiff sold to Kelly all the saw timber on the land; that Kelly had long since removed all, or the greater portion, of the timber that was considered by Kelly and plaintiff saw timber at the time of the sale; that plaintiff never sold or intended to sell any but the pine saw timber, and it was not understood by Kelly at the time, or since, that he was purchasing any but the pine saw timber; that Kelly & Roberts have cut and removed a portion of the oak timber of the value of $200, and declared their intention to remove all the oak timber under said sale to Kelly; that although by the written terms of said sale plaintiff sold the saw timber, he did not intend to sell the oak timber, as Kelly well knows; "that at the time of the sale none but pine saw timber was used and considered as saw timber, and the words 'saw timber,' among persons engaged in the business of manufacturing lumber at the date of the sale in Trinity county, where the contract was made, had reference only to pine timber used in manufacturing lumber;" that Kelly, since said sale, had "by words and acts shown that he did not consider that he purchased the oak timber, but recognized it as belonging to plaintiff."

*J. R. Burnett*, for plaintiff in error.

I. The legal effect of a written contract of sale of all the "saw timber" on a tract of land, is to pass title to all the timber on the tract suitable for sawing or being manufactured into lumber, and such contract cannot be modified by parol evidence so as to be limited to a sale of *pine* saw timber only, at least not without clear allegation of fraud, surprise or mistake.

II. Even if the petition shows a cause of action against Kelly, it does not as to Kelly & Roberts or J. W. Roberts, as no privity or notice of the facts is alleged as to them, and the judgment being jointly against both defendants, should be reversed. Robinson *v.* Schmidt, 48 Tex., 13; Acklin *v.* Paschal, 48 Tex., 147.

*Nunn, Williams & Correy*, for defendant in error.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by Robb against Kelly & Roberts, to restrain them by injunction from cutting oak timber from a tract of land which Robb alleged belonged to him, and also to recover damages for timber which it was alleged they had cut prior to the institution of the suit.

The petition alleged that the plaintiff had, prior to the institution of the suit, sold to the defendant Kelly all the "saw timber" on the land, and that by "saw timber" at the place where the contract was made, and among persons engaged in the lumber business, was meant such *pine timber* as was suitable for manufacture into lumber, and that the words were so used and understood between the plaintiff and Kelly at the time the contract was made.

It was further alleged that the defendants, who were engaged in the manufacture of lumber, had used about all of the pine timber on the land for lumber purposes, and that they had cut and used a portion of the oak timber, and were proceeding and intending to cut and use all of that kind of timber which there was upon the land, without right to do so, and against the wish of the plaintiff.

It does not appear under what right Roberts was claiming the right to use timber, further than that he and Kelly were doing business under the firm name of Kelly & Roberts, from which it may be inferred that they were claiming the right to use timber under the contract between the plaintiff and Kelly. The defendants were alleged to be insolvent.

The defendants answered by a general demurrer and a general denial, but at the trial the judgment recites that they did not appear, notwithstanding which, the judgment shows that the court acted on the demurrer filed.

The cause was tried by the judge and a judgment was rendered, the evidence being heard, perpetuating an injunction which had been granted before the hearing, and awarding to the plaintiff $180 damages for oak timber cut upon the land by the defendants.

There is no statement of facts in the record, and the assignments of error present two questions.

It is claimed that as the petition averred that the plaintiff had sold the "saw timber" on the land to Kelly, the demurrer should have been sustained to the petition, which sought to restrain the cutting of any kind of timber on the land, or to recover damages for the cutting and removal of oak timber.

Neither the court below nor this court could know judicially what was meant by the words "saw timber," and it is certainly true that the court could hear evidence, the pleadings having laid the proper foundation therefor, to enable the court to know in what sense the

parties used the words in making the written contract which was alleged to have been made.

It has often been held that an inquiry can be made into the meaning of words and by persons in a particular business, such words having no fixed legal signification.

In this case, if the evidence showed that the words "saw timber" in the community in which the contract was made, among persons engaged in the manufacture of lumber, meant only such pine timber as was suitable for the manufacture of lumber, the court would have been authorized to find, as it did, that they so meant, and that they did not embrace any other kind of timber.

The admission of such evidence would violate no rule of evidence. In the absence of a statement of facts, we must presume that the evidence was sufficient to show that the words had only the meaning claimed for them by the plaintiff.

It is further claimed that the petition states no cause of action against Roberts. It alleges that he, in connection with Kelly, had cut and removed oak timber from the land of the plaintiff without his consent, and without authority to do so, and that he intended to continue to do so. It was not necessary for the plaintiff to state more. If he was claiming the right through the contract made between the plaintiff and Kelly, he could have no other nor greater right than Kelly had; and if he was not claiming under that right, so far as the petition shows, he was a mere trespasser. If he had any right to use the oak timber, he should have stated in his pleadings how he acquired that right, and should have maintained such pleadings by proof. Having failed to do so, he cannot complain. There being no statement of facts, we must presume that the evidence was sufficient to show his liability.

There being no error in the judgment, it is affirmed.

AFFIRMED.