A. CRESWELL ET AL. v. H. N. BEAKLEY ET AL.

Decided February 19, 1902.

**Injunction—Trespass—Possession.**

One in actual possession of land (a lessee) may maintain injunction against trespass (fencing and cutting timber) by another, without deraigning title from the government, and when his possession and the trespass are undisputed, is entitled to a peremptory instruction for verdict in his favor.

Appeal from Concho. Tried below before Hon. John W. Goodwin.

*Hill & Garland* and *Sims & Snodgrass,* for appellants.

*Randolph & Randolph,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is an injunction suit which resulted in judgment in favor of the plaintiff, enjoining the defendant from entering upon, using, fencing, cutting timber from, or otherwise interfering with the plaintiff's exclusive possession of a tract of land. The defendant has appealed and assigned numerous errors.

The undisputed testimony shows that the plaintiff was in exclusive possession of the land, holding it under a lease, when the defendant entered, cut down considerable timber, and started to build a fence upon the land, which he testified that he would have completed had the injunction not been issued.

We shall not undertake to consider in detail the numerous assignments in appellant's brief. As the plaintiff was in actual possession of the land, we do not think it was necessary for him to deraign title from the government (Parker v. Railway, 71 Texas, 132; Railway v. Cusenberry, 86 Texas, 525), an das there was no conflict in the testimony, we do not think error was committed in directing the jury to find for the plaintiff.

We have considered all the questions presented in appellants' brief, and finding no error, affirm the judgment.

*Affirmed.*