POE v. FERGUSON. (No. 8012.)

(Court of Civil Appeals of Texas. Ft. Worth. April 25, 1914.)

1. COURTS (§ 170*)—COUNTY COURT—JURISDICTION—NECESSITY OF ALLEGING.

    The county court has no jurisdiction to restrain trespass and the cutting of timber, where the petition contains no allegation as to the value of the subject-matter of the controversy.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 170.*]

2. JUSTICES OF THE PEACE (§ 47*)—JURISDICTION—INJUNCTION.

    A justice of the peace has no jurisdiction to issue writs of injunction.

    [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 184–188; Dec. Dig. § 47.*]

3. COURTS (§ 120*)—JURISDICTION—AMOUNT IN CONTROVERSY.

    Under Const. art. 5, § 8, declaring that the district court shall have general original jurisdiction over all causes of action for which a remedy is not provided by law, and Rev. St. 1911, art. 4643, empowering judges of the district court to grant injunctions, where the party applying is entitled to the relief demanded, which requires the restraint of some act prejudicial to the applicant, the district court has jurisdiction to restrain a trespass and the cutting of timber, regardless of the value of the timber.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436; Dec. Dig. § 120.*]

Appeal from District Court, Eastland County; Thos. L. Blanton, Judge.

Action by Abe Ferguson against H. C. Poe. From an order awarding a writ of injunction, defendant appeals. Affirmed.

Earl Conner, of Eastland, for appellant. R. L. Rust, of Eastland, for appellee.

CONNER, C. J. Abe Ferguson, upon the order of the district judge, was awarded a writ of injunction upon his petition therefor, and this appeal is from the order mentioned.

The petition alleges that on February 26, 1914, the appellee, Abe Ferguson, was the owner in fee simple of the S. W. ¼ of survey No. 17 in block No. 4, Houston & Texas Central Railway Company survey in Eastland county; that thereafter, on or about the same day, the defendant Poe entered upon said lands, making personal threats against the safety of plaintiff, and ordering him to cease the use and enjoyment of the proper-

ty; that there was about 50 acres of standing timber upon said land of the value of about $750; that the defendant had commenced cutting down portions of the timber, to the plaintiff's damage in the sum of $25, and is continuing, and threatening to continue, to cut the same. It was further alleged that, if the defendant was not restrained from cutting the timber as threatened, he would cut great portions of it and remove the same; that it would do the plaintiff irreparable damage, for which he would have no remedy at law, and the prayer was for a writ of injunction to restrain the defendant from cutting the remainder of the timber and for the recovery of said damages in the sum of $25.

[1, 2] The assignments of error in different forms raise substantially the same question. It is insisted that the amount in controversy was the sum named as damages, and, therefore not within the jurisdiction of the district court, but we cannot concur in this contention. The county court is clearly without jurisdiction. See De Witt Co. v. Wischkemper, 95 Tex. 435, 67 S. W. 882. The justice court is also without jurisdiction to issue writs of injunction; it not having been clothed by the Constitution or laws with the power to grant them. See Foust v. Warren (Civ. App.) 72 S. W. 405; Alexander v. Holt, 59 Tex. 205. The jurisdiction, therefore, if it exists at all, must be in the district court by virtue of section 8, art. 5, of the amended Constitution of 1876, which declares, among other things, that the district court "shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution." Revised Statutes, art. 1706; Allen v. Parker County, 23 Tex. Civ. App. 536, 57 S. W. 703.

[3] In general terms our statute empowers judges of the district court to grant writs of injunction, where it shall be made to appear that the party applying for the writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant, and in other cases where the applicant for such writ may show himself entitled thereto under the principles of equity. See Revised Statutes, art. 4643. It is not to be doubted that any unlawful entry upon the premises of another constitutes a trespass. See Pilcher v. Kirk, 55 Tex. 208; Craig v. Cartwright, 65 Tex. 413; McCarthy v. Miller (Civ. App.) 57 S. W. 973; 38 Cyc. 994. And to prevent such trespasses our courts have more than once granted writs. See Creswell v. Beakley, 28 Tex. Civ. App. 245, 67 S. W. 907; Kelly v. Roberts & Robb, 58 Tex. 377. Moreover, courts of equity have long exercised the power to restrain the commission of waste or trespasses upon the lands of another, such as alleged in this case. 1 High

on Injunctions (3d Ed.) 697; 22 Cyc. 825.

We therefore conclude that the court's order, and the writ of injunction issued by virtue thereof, cannot be set aside because of a want of power in the district court. Appellant's prayer on appeal is therefore denied.