BUTCHER v. SMITH. (No. 1799.)

(Court of Civil Appeals of Texas. Texarkana. May 16, 1917. Rehearing Denied May 31, 1917.)

EVIDENCE ⬅️457—CONTRACTS — CONSTRUCTION.

Under contract of sale of "saw timber," such words are descriptive of the subject-matter of sale, and have no legal signification, and it is proper to hear evidence to disclose their meaning.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2104, 2107, 2108.]

Appeal from District Court, Wood County; R. M. Smith, Judge.

Action by W. M. Smith against Paul D. Smith and another, wherein defendant named filed a cross-action against John F. Butcher. From a judgment for the cross-complainant, Butcher appeals. Reversed and remanded.

W. M. Smith sued Paul D. Smith and John F. Butcher, and Paul D. Smith filed a cross-action against John F. Butcher. The appeal pertains alone to the cross-action. The cross-action was upon a contract to recover the purchase price of $2 per thousand feet for

certain saw timber on 400 specially described acres of land. The written agreement has the provision that:

"The party of the first part (Paul D. Smith) agrees to sell party of the second part (John F. Butcher) all of the ash and oak, also hickory and elm saw timber on the tract of land now owned by him, purchased from Mr. Ray, consisting of 400 acres, for the sum of $2 per thousand for oak, elm, ash and hickory. It is further agreed by the party of the first part that all the wood and tie timber is to be included in this consideration."

And the single issue of fact made on the trial was as to the amount of oak, elm, ash, and hickory "saw timber" there was on the land at the date of the contract of sale of December 11, 1912. The appeal is by the defendant Butcher.

E. A. Tharp, of Mineola, and M. D. Carlock, of Winnsboro, for appellant. Jones & Jones, of Mineola, for appellee.

LEVY, J. (after stating the facts as above). The witnesses John F. Butcher and Miss Wheeler, who were present when the contract in suit was made, would have testified, if the court had not sustained the appellee's objection thereto, that the parties to the contract, during the negotiation, discussed and agreed that "saw timber" meant and described only growing timber 14 inches or over at the small end and at least 12 feet in length. The words "saw timber," as used in the contract, are words of description of the subject-matter of sale, and have no legal signification, and it was proper to hear evidence to enable the jury to know in what sense the parties to the contract used the words. Kelly & Roberts v. Robb, 58 Tex. 377. And proof of the local meaning of terms having no well-defined signification may be made to show the true meaning of the parties. 1 Greenleaf, § 292; 10 R. C. L. § 263. The evidence in the case was confined to a local understanding of the term "saw timber," and which understanding did not show a uniform and commonly accepted meaning of the words. The witness Laforce testified:

"Anything at all that I considered would measure 10 inches at the stump was merchantable saw stuff for our plant, though now I would say that I could not go to work and saw that would be a standard merchantable rule. * * * When I go out to estimate a bunch of pine timber I look for 10 inches and better, but as to whether that would be every man's practice or not I could not say. * * * We consider timber that will scale 8 inches saw timber."

And the evidence of other witnesses goes to show respectively that timber scaling at the stump 6 inches, 8 to 10 inches, and 12 inches constitutes "saw timber" was 14 inches and above that at the stump. In this state of the evidence there was no certain and established local usage of the term "saw timber," and the evidence as to size of timber that the parties themselves had in mind

and understood at the time of the contract was to be cut as "saw timber" was, it is concluded, admissible to explain the meaning the parties attached to the words "saw timber." In view of the record there was reversible error, it is believed, in not admitting and allowing the jury to consider the evidence complained of.

The judgment is reversed, and the cause remanded for another trial.