HOSKINS et al. v. CAUBLE. (No. 1247.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 31, 1917.)

1. APPEAL AND ERROR ⬅71(3)—APPEALABLE ORDERS—"TEMPORARY INJUNCTION"—STATUTE.

A "temporary injunction," within Vernon's Sayles' Ann. Civ. St. 1914, art. 4644, providing for appeals therefrom, means that interlocutory injunction provided for by the other articles of the chapter, and is not restricted to a restraining order (citing Words and Phrases, First and Second Series, Temporary Injunction).

2. INJUNCTION ⬅140 — TEMPORARY INJUNCTION—SUFFICIENCY OF PETITION.

Where a petition prays for a permanent injunction "on final hearing," and does not ask for a temporary injunction, the latter cannot be granted.

3. INJUNCTION ⬅54 — GROUNDS FOR — ANIMALS.

One in possession of land containing 200 cows with calves may obtain an injunction as to a trespasser who persistently tears down the fences and turns steers among them, to their irreparable injury, and it is not necessary to show there is no adequate remedy at law, or that plaintiff's lease runs from the rightful owner.

Appeal from District Court, Castro County; R. C. Joiner, Judge.

Petition by E. G. Cauble to restrain Elmer Hoskins and others from trespassing on his land. From an order granting an interlocutory injunction, defendants appeal. Reversed and injunction dissolved.

Kimbrough, Underwood & Jackson, of Amarillo, for appellants. Martin, Kinder & Russell, of Plainview, for appellee.

BOYCE, J. This appeal is from an interlocutory injunction granted by the court below, without notice or hearing, and the questions presented are as to the jurisdiction of this court to entertain this appeal, and the sufficiency of the plaintiff's petition to authorize the order for injunction. The plaintiff alleged that he was the "lessee in peaceable possession" of nine sections of land in Bailey county; that he had said land inclosed and had grazing thereon several hundred head of mother cows with their calves; that the defendants, owners of an adjacent ranch, tore down his fence and drove a large number of steers on plaintiff's land; that plaintiff repaired the fence and defendants again tore it down and drove their steers onto his land, repeating this the third time, and were threatening to continue their acts of depredation and would continue to do so unless restrained; that the presence of such steers with plaintiff's cows and calves would cause irreparable injury to them, the particular nature of which was stated; that such acts on the part of defendant were malicious, in utter disregard of plaintiff's right, and without lawful excuse and without grounds for believing that such acts were lawful; that plaintiff had been actually damaged in the sum of $1,200 by such acts, and should recover exemplary damages in the sum of $10,000. Plaintiff's prayer, after his statement of the cause of action of which the above is a summary, is as follows:

"Wherefore, premises considered, plaintiff prays that defendant be cited to appear and answer herein, that, on final hearing hereof, he have damages against defendants in the sum of $11,200, for costs of suit, and a writ of injunction issued against the defendants and each of them, their servants and employés, restraining them and each of them from tearing down the fence of the plaintiff, or from turning their cattle upon the leased land of the plaintiff, or from molesting his in any way, and for such other relief, general and special, legal and equitable, as he may show himself entitled to."

The court, upon presentation of the petition, indorsed his fiat thereon, directing the clerk to "issue a writ of injunction in all things as prayed for in the within petition," upon filing bond, etc.

Appellee contends that we have no jurisdiction of the appeal, as the injunction granted was not a "temporary injunction," within the terms of article 4644. He concedes that the injunction granted could not be anything but interlocutory, though broadly it is a final adjudication, because the court had no power to grant anything but an interlocutory injunction (Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579–580, Ann. Cas. 1917B, 121); but insists that the injunction would be a continuing one, subject to dissolution by the court, but otherwise in effect until final disposition of the case, and relies upon the authority of Riggins v. Thompson, 96 Tex. 154, 71 S. W. 15, to maintain his proposition that such an injunction is a permanent injunction and not a temporary injunction. This proposition may be sustained in one sense by the following language, used by Judge Gaines, in the case referred to:

"It is true that a 'restraining order' is an injunction, but the terms are commonly used to designate a temporary injunction, as distinguished from an injunction which is to remain in force during the pendency of the suit. The learned judge, in effect, directs that a restraining order shall be granted until it is determined whether a permanent injunction shall issue,

which means an injunction to remain in force until the final determination of the suit and not an injunction granted upon the final trial, which is called a 'perpetual injunction.' "

[1] Whether this is strictly correct or not, many authorities use the words "preliminary," "interlocutory," and "temporary," in reference to injunctions, interchangeably and as including within the meaning of such terms an injunction continuing until final hearing on the merits, unless modified by further order. Joyce on Injunctions, § 109; Cyc. vol. 37, p. 1798; High on Injunctions, § 3; R. C. L. vol. 14. p. 312; Words and Phrases (2d Ed.) vol. 4, p. 866; Id. (1st Ed.) vol. 8, p. 6901. As an illustration of the holding of these authorities we quote from Joyce as follows:

"Temporary or interlocutory injunctions are such as are to continue until the final hearing, or generally until further order."

Article 4644 is a part of the chapter of the Revised Statutes providing for the issuance of interlocutory, preliminary, or temporary injunctions, whatever may be the correct designation of an injunction issued preliminary to the final disposition of the case on its merits, and an examination of the article in connection with the preceding and succeeding articles of this title of the statutes, makes it evident that the term "temporary injunction" was used by the lawmakers to mean that interlocutory injunction provided for by the other articles of this chapter. This construction of the term is in accordance with the popular and, to say the least of it, a very general judicial acceptance of the meaning thereof, and is in harmony with the purpose of the act, while a restriction of the meaning of the term to a restraining order, issued preliminary to a hearing as to whether an injunction shall be granted, pending a final trial on the merits of the case, would lead to an incongruous and ridiculous result. We conclude that we have jurisdiction of the appeal.

[2] The first assignment is to the effect that it was error for the court to grant a temporary injunction in the absence of any prayer by plaintiff therefor. There is no reference in the petition to an injunction except as we have stated; as we construe the prayer it specifically prays for an injunction only after final hearing. It seems to be the general rule that an injunction will not be granted unless specifically prayed for, a prayer for general relief not being sufficient, and extending this rule a number of authorities, including a decision by the Court of Civil Appeals for the Fourth district of this state, hold that a temporary injunction will not be granted on a prayer for a perpetual injunction on final hearing. Boyd v.

Dudgeon, 192 S. W. 262, and authorities cited; Enc. Pleading and Prac. vol. 10, p. 962; Cyc. vol. 22, p. 930; Standard Enc. Proc. vol. 13, p. 86, par. 7. As to the latter holding, a more liberal view is announced by the courts in Wrigley v. Larson (C. C.) 195 Fed. 569; Shipley v. Western Maryland Tidewater Railway Co., 99 Md. 115, 56 Atl. 968. For the sake of uniformity in decision, we will follow the rule which seems to be established by the weight of authority and followed by the Court of Civil Appeals for the Fourth district, and sustain appellant's first assignment.

[3] We think the petition is otherwise sufficient on general demurrer. It appears from the allegations thereof that plaintiff was in peaceable possession of the premises and that defendants were trespassers. Plaintiff thus had a right to protect the premises, irrespective of whether his lease ran from the rightful owner of the land, against defendants' acts of trespass. Creswell v. Beakley, 28 Tex. Civ. App. 245, 67 S. W. 907; Linard v. Crosland, 10 Tex. 462, 60 Am. Dec. 213; Watkins v. Smith, 91 Tex. 589, 45 S. W. 560. The allegations of the petition showed that the acts of trespass were resulting in irreparable injury to plaintiff's cattle, and it was not necessary to show that plaintiff had no adequate remedy at law. R. S. art. 4643; Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994; Southwestern Tel. & Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42.

The writ of injunction issued by the clerk commanded the defendants to "desist and refrain from permitting your cattle to remain in the inclosed premises described above; that you, your servants and employés remove same immediately; that you, your servants and employés do not further molest the possession of plaintiff; that you, your servants and employés do not destroy the fence or any part thereof, and that you, your servants and employés do not turn any cattle upon the leased land of plaintiff described above, until further orders of said court," etc. The appellant assigns error on the ground that the awarding of the mandatory injunction without notice or hearing was an abuse of discretion on the part of the judge granting the injunction. An examination of the order for the injunction shows that no mandatory relief was given thereby, and this feature of the injunction writ was broader than the terms of the order and not authorized by it. It will not be necessary for us to pass on other assignments.

The judgment will be reversed, and judgment here entered dissolving the injunction.