**CITY OF FORT WORTH et al. v. TARLTON.**

No. 14231.

Court of Civil Appeals of Texas. Fort Worth.

May 2, 1941.

R. E. Rouer, Geo. C. Kemble, R. B. Young Jr., and Frank Crumley, all of Fort Worth, for appellants.

J. A. Templeton and B. Y. Cummings, both of Fort Worth, for appellee.

BROWN, Justice.

This suit was instituted by appellee in the 48th District Court of Tarrant County, alleging that the defendants (appellants here) have advertised appellee's lands, situated within the limits of the City of Fort Worth, for sale and will sell all such parcels of land on the first day of October, 1940, to satisfy the taxes due thereon and delinquent; that the said City has filed no suit for the purpose of obtaining a judgment for such taxes and the foreclosure of any tax lien as against such properties, and that the sale, under such circumstances, will cast a cloud upon the plaintiff's properties and thereby greatly injure him, unless the sale is restrained by the District Court; and that he has no adequate remedy at law.

The petition was sworn to on September 30th, 1940, and contains this prayer: "Wherefore, premises considered, petitioner prays your Honor to issue writ of injunction restraining the said defendants (being the said City and its Tax Assessor and Collector), and each of them and their officers and agents, from selling, or further offering for sale the said property."

The trial court made the following order on the petition: "The Clerk will issue notice to defendants to appear before this court on the 1st day of October, 1940, at 9 o'clock A. M. to show cause, if any, why the injunction as within prayed for, should not be granted as prayed for."

No further action seems to have been taken, and on October 3rd, 1940, the plaintiff filed an amended petition alleging that the sale was not attempted to be made on said October 1st, but that the defendants had advised him they would readvertise the said properties for sale and sell them under the circumstances as detailed in the original petition; that the defendants are acting and threatening to act, in the premises, without authority of law and without re-

sorting to a proper suit of debt and foreclosure, etc.

The prayer is: "Wherefore, premises considered, petitioner prays your Honor to issue a writ of injunction restraining the said defendants, and each of them and their officers and agents, from selling, or further offering for sale the said property, and advertising the same for sale in any manner until ordered to do so by a court of competent jurisdiction."

The petition contains the following order: "October 3rd, 1940. The Clerk will issue notice to defendant to appear before this court on the 10th day of October, 1940, at 9 o'clock A. M. to show cause why the injunction as within prayed for, should not be granted."

Notice was served upon the defendants in accordance with said order on the day same was issued and the defendants filed an answer under oath which alleges: "Now come the City of Fort Worth and W. S. Curlee, defendants in the above numbered and entitled cause, and in response to the order of the court to appear here and show cause why an injunction should not be granted and for no other purpose, plead as follows."

No evidence was introduced on said 10th day of October, 1940, and the judgment or order of the court discloses such is the case and that the trial court had before him the verified petition and the verified answer.

Such judgment recites "that the defendants, and each of them, and their officers and agents be, and they are hereby perpetually enjoined from selling or further offering for sale and from advertising for sale in any manner any of the property described in the Plaintiff's First Amended Petition now on file in this cause until and unless ordered to do so by a court of competent jurisdiction." All costs were taxed against the defendants, with right of execution to collect same.

The defendants have appealed and present some interesting questions.

First. Can it be said that the petition may be so construed as to give the plaintiff the right to a temporary injunction?

We do not believe so, because the petitioner prays that the defendants be restrained, by an injunction, from selling or further offering for sale and from advertising the property for sale in any manner until ordered to do so by a court of competent jurisdiction.

Although the trial court caused a show cause order to be issued, commanding the defendants to appear before the trial court on the seventh day after such order was made, and thereby required the presence of the defendants in obedience to the order at a time not contemplated by the provisions of Article 2092, Vernon's Tex. Civ.Statutes, Section 12 thereof, and it is made to appear that the trial court must have proceeded under Article 4654, Rev. Civ.Statutes, Vernon's Ann.Civ.St. art. 4654, it is apparent that the trial court treated the petition as one for a final or perpetual injunction, since that is the relief that was granted.

The question before us is, then: Did the trial court have the authority to grant a perpetual injunction, under the pleadings and on the notice and on such appearance as was made by the defendants and on such hearing as was had?

We do not believe so.

Chief Justice Gaines, speaking for the Supreme Court in Riggins v. Thompson et al., 96 Tex. 154, 71 S.W. 14, 15, said: "We understand that, under the practice of the American courts, three species of injunctions may be issued: (1) A restraining order, which is defined to be: 'A restraining order is an interlocutory order made by a court of equity upon an application for an injunction, and as part of the motion for a preliminary injunction, by which the party is restrained pending the hearing of the motion.' Bouv.Law Dict. (2d Ed.). (2) One which is intended to operate, and which does operate unless dissolved by an interlocutory order, until the final hearing. And (3) a perpetual injunction, which can be properly ordered only upon the final decree."

In discussing the show cause order made in such case, Judge Gaines said: "The defendants were not, under the law, required to answer at that time the petition upon its merits, unless served 10 clear days before the beginning of the term. They could not have been called upon to answer the case and go to trial at that term. It is obvious, therefore, that the judge did not attempt to fix a time in which they were required to answer as to the whole case, but merely to name a date at which they should appear and show cause why an injunction, which was to operate

until the final determination of the suit, should not be granted."

In the case of Ex parte Zuccaro, 106 Tex. 197, 163 S.W. 579, 580, Ann.Cas. 1917B, 121, Mr. Justice Phillips, speaking for our Supreme Court, said with respect to a show cause order, made under circumstances not unlike those before us: "* * * the judge could not have intended that any other hearing be had than one for the purpose of determining whether an injunction should issue, operative until the final hearing. This must be true, since he was without authority to try the cause on that date, which was only seven days subsequent to the date of his order; and, unless the hearing thus appointed was for the purpose stated, his ordering a hearing for such date was a vain act."

We cite also Ex parte Rains, 113 Tex. 428, 257 S.W. 217, and Fort Worth Acid Works et al. v. City of Fort Worth et al., Tex.Civ.App., 248 S.W. 822, 823, affirmed by the Supreme Court in 259 S.W. 919, in which the principles announced above are again reiterated and in which this court, speaking through Mr. Justice Buck, said: "Nor can we reform the judgment rendered by the trial court by making the judgment a restraining order instead of a perpetual or permanent injunction. Plaintiff did not pray for a temporary injunction, and it has been held that, where the petition only prays for a perpetual injunction, the court is not authorized to grant a temporary injunction." Citing Hoskins et al. v. Cauble, Tex.Civ.App., 198 S.W. 629, and Boyd v. Dudgeon, Tex.Civ.App., 192 S.W. 262.

It is obvious that the trial court has granted the plaintiff all of the relief that could have been given on a final hearing, even to taxing all costs against the defendants.

For the reasons given the judgment of the trial court must be reversed and the injunction, as granted, must be vacated, and the costs of appeal taxed against appellee.

All parties litigant insist that we pass upon the question of the asserted right of the City of Fort Worth to merely levy upon, advertise and sell real property to satisfy the City's demands for taxes assessed against such property, the payment of which is in arrears, but, after much deliberation we have concluded that it is neither proper nor fitting for us to do so, in the present state of the record.

The trial court has never held a hearing on the merits and necessarily the merits of the case are not before us.

Whatever we might say in respect to the merits, in our opinion, would be dictum.

We respectfully decline to pass upon the merits of the suit.

Judgment reversed and the injunction is hereby vacated.