John S. YOUNG et ux., Appellants,

v.

Elmer C. GARDNER, Appellee.

No. 154.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 27, 1968.

---

Danny R. Edwards, Claude C. Roberts, Jack Binion, Butler, Binion, Rice, Cook & Knapp, Houston, for appellants.

Thomas M. Phillips, Baker, Botts, Shepherd & Coates, Houston, for appellees.

TUNKS, Chief Justice.

In January, 1966, the appellants acquired a tract of property in Houston, Texas, described as Lot 1, Block 91, of the Tall Timbers Section of River Oaks, an addition in the City of Houston. The lot consisted of about two acres and was subject to certain restrictions applicable to the Tall Timbers Section of River Oaks. Abutting the lot on the south was a 40′ easement which was the subject matter of the litigation in Anderson v. Tall Timbers Corporation, 378 S.W.2d 16, wherein the Supreme Court of Texas held that it was not a dedicated easement to be used as a public street. In Tall Timbers Corporation v. Anderson, Tex.Civ.App., 342 S.W.2d 452, at pp. 456 and 457, a plat of Tall Timbers Section of River Oaks, showing this property, is reproduced.

On June 29, 1967, the appellant, John S. Young, filed a Declaration of Subdivision wherein Lot 1 of Block 91 was resubdivided into two lots designated "Tract A" and "Tract B". This Declaration of Subdivision imposes certain additional restrictions on Tract B, consisting of a 40′ building land on the south side of Tract B, a 60′ building land on the west side of Tract B, and a 10′ easement across the south side of Tract B, to be used as a driveway into Tract A only if the above mentioned 40′ easement becomes unavailable as a driveway into Tract A from Westlane, a public street. The east line of Tract B abutted Westlane Street and its west line was common with the east line of Tract A. The 10′ conditional easement along the south side of Tract B was required by the City of Houston as a condition to the grant of a permit for the building of a home on Tract A. Another restriction in the declaration of resubdivision was a requirement that, "All utility, garage or service areas (to be built on Tract B) shall be screened with a brick wall sufficient in height to obscure the presence of such utility, garage or service area from the other residents as may be located on said Tracts A and/or B."

Before July 10, 1967, the appellee, Elmer C. Gardner, entered into negotiations with the appellants for the purchase of Tract B. In these negotiations, the appellee pointed out that the restrictions might seriously interfere with his construction of a residence on the property. The appellant orally agreed that if he bought the property, reasonable changes in the restrictions would be made if necessary to allow the construction of the home he designed. With that understanding appellee bought Tract B on July 10, 1967.

After he bought the site appellee employed an architect to design a residence and locate it on the tract. With such designing and location it became apparent that, in order to save as many trees as possible, it would be necessary to change the restrictions with reference to the building lines. Thus, the appellee, in August, 1967, called upon the appellant to amend the restrictions. A plat was presented to them showing the proposed location of appellee's residence. As located on this plat the

nearest south building land of the residence was 15′ from the south line of Tract B and the nearest west building line was 35′ from the west line of Tract B. This plat, which was received in evidence, has on it these words:

> "We agree to amend the restrictions applicable to Lot 1, Block 91, Tall Timbers Addition, to allow for construction of improvements on Tract B no nearer than 15 feet from the South boundary and 35 feet from the West boundary."

It was dated August 25, 1967 and was signed by John S. Young and his wife and by Elmer C. Gardner and his wife.

Soon thereafter the appellee began the construction of his home on Tract B. On April 26, 1968, plaintiffs' (appellants') original petition was filed in this case. In that petition appellants alleged that appellee, in constructing his home, had violated and threatened to violate the restrictions applicable to Tract B. The violations alleged are: (1) the construction of an iron fence instead of a brick wall at certain points along the common line between Tracts A and B, the brick wall being required by the restrictions to screen the utility, garage and service area on Lot B; (2) the construction of a brick wall within the 10′ easement; (3) the failure to construct a brick wall so as to screen the view of an open carport of wooden construction; (4) construction in violation of the 40′ and 60′ building lines established in the original declaration of resubdivision. (It was alleged that there was a failure of consideration for the amendment to those restrictions signed on August 25, 1967. The consideration alleged was certain oral promises made by the defendant as an inducement to plaintiffs' signing the amendment).

In their prayer the plaintiffs sought an ex parte restraining order, a temporary injunction and a permanent injunction enjoining the defendant from continuing the alleged violation of the restrictions. The plaintiffs also alleged that the construction in violation of the restrictions would result in damage to their Tract A and by their prayer, sought, alternatively, a judgment for damages in the sum of $75,000.00.

The plaintiffs presented their petition to the Judge of the 129th District Court of Harris County, Texas, on the day it was filed, April 26, 1967. That court granted the petition for an ex parte restraining order and set the hearing on plaintiff's application for temporary injunction for May 6, 1968, before the Judge of the 133rd District Court of Harris County, Texas. The defendant filed his sworn answer on the date of the hearing of the application for temporary injunction. In that answer he alleged that his construction and proposed construction were in conformity with the restrictions as validly amended on August 25, 1967. He further alleged waiver and estoppel. In his prayer he asked that the temporary restraining order be dissolved, that the applications for temporary injunction and permanent injunction be denied, that the plaintiff's prayer for monetary damages be denied, and for general relief.

After hearing the evidence, the trial court rendered judgment for the defendant. Because the form and substance of that judgment is relevant to the principal points with which this court is concerned, it is set out in full, as follows:

### "ORDER

"BE IT REMEMBERED that on the 6th day of May, 1968, at the appointed time and place fixed by the Court came on to be heard the application of plaintiffs for a temporary injunction in this cause and came the parties in person and by and through their respective attorneys, and the defendant announced ready for trial upon the application for temporary injunction and upon the introduction of testimony and other evidence, the Court, after considering the pleadings, the evidence and the arguments of counsel, and being fully advised in the premises, did make its decision in resolution of the issues presented and here and now makes this its ORDER in this cause.

"The Court finds that the plaintiffs have failed to sustain and prove the allegations made in their petition and application, and that defendant is entitled to the relief requested in his pleading, and that there is not any justiciable impending loss or threat of loss, damage or danger to any property rights of the plaintiffs which might be affected by or involved in such petition and application. It is, therefore, ORDERED, ADJUDGED and DECREED:

"1. That the Temporary Restraining Order entered in this cause on or about the 26th day of April, 1968, be and hereby is in all things dissolved.

"2. That plaintiffs' application for temporary and pernament injunction be and hereby is in all things denied.

"3. That plaintiffs have no current right to use or utilize land affected by the 10-foot conditional easement across the southern portion of Tract B, Lot 91, Tall Timbers Section of River Oaks, an addition in the City of Houston, Harris County, Texas.

"4. That defendant's proposed construction of improvements on said Tract B is in all respects lawful and in compliance with all restrictions applicable thereto, and plaintiffs have and shall have no right to further complain thereof.

"5. That plaintiffs shall be and are hereby prohibited and enjoined from further interfering with the construction and/or maintenance by defendant of the proposed improvements on said Tract B, including specifically, but without limitation, the construction by defendant of a fence on and about said Tract B, and until the occurrence of the conditions precedent to plaintiffs' right to use the conditional 10-foot easement, including the south boundary thereof up to the north line of the 40-foot easement lying immediately to the south of said Tract B.

"6. That all costs of court are hereby adjudged and taxed to plaintiffs, for which let execution issue.

"To all of which plaintiffs except and hereby give notice of appeal to the Court of Civil Appeals

"ENTERED this the 14 day of May, 1968.

/s/ Wilmer B. Hunt
JUDGE PRESIDING

"APPROVED AS TO FORM ONLY:

Danny Edwards
Attorney for Plaintiffs

/s/ Thos M Phillips
Thomas M. Phillips
Attorney for Defendant"

■ There are a number of errors in the rendition by the trial court of the quoted judgment, the most apparent of which is that reflected in the numbered paragraph five thereof. By that paragraph the trial court in a hearing on *plaintiffs'* application for temporary injunction, without any notice to the plaintiff and without any announcement of ready by plaintiff for a hearing on any application by defendant for a temporary injunction, without a prayer by defendant for temporary injunction, and without pleadings by defendant of facts showing him to be entitled to such relief, has enjoined the plaintiffs. This was error.

It is to be noted, as the judgment recites, the judgment was rendered upon *plaintiffs'* application for temporary injunction. Despite the fact that the evidence was heard as to the controversy between the parties, the plaintiffs were not on notice that they should present evidence that would preclude the issuance of an injunction in favor of the defendants and against them. For instance, they were not called upon to show that they were not threatening to so disturb the status quo so as to cause an irreparable injury to the defendant. Defendant's denial of plain-

tiffs' right to an injunction was not the equivalent of a claim that plaintiffs, themselves, should be enjoined. Thus, the injunction ordered by the court was ordered without any notice or hearing of an application therefor and was erroneous for that reason. Texas State Board of Medical Examiners v. McKinney, Tex.Civ.App., 315 S.W.2d 387, no writ. hist.; Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283; Miller v. State, Tex.Civ.App., 305 S.W.2d 663, no writ. hist.; Holman v. Holman, 189 S.W.2d 76, no writ. hist.; Rule 681, Texas Rules of Civil Procedure.

As noted above, the pleadings filed by defendant did not pray for the issuance of any injunction, temporary or permanent, against the plaintiffs. For that reason, too, the injunctive order by the trial court against the plaintiffs was erroneous. City of Fort Worth v. Tarlton, Tex.Civ.App., 151 S.W.2d 268, no writ. hist.; Hoskins v. Cauble, 198 S.W. 629, no writ. hist.; Boyd v. Dudgeon, 192 S.W. 262, no writ. hist. In a case where similar procedure was followed by a trial court, International Union of Operating Engineers, AFL-CIO v. Pierce, Tex.Civ.App., 321 S.W.2d 914, n. r. e., at pages 920–21, the court said: "The trial court not only enjoined the International and its officers (the defendants) from enforcement of the supervision order, but, without any pleadings or request, enjoined appellees (the plaintiffs) from causing the members of Local 450 to engage in strikes, work stoppages or picketing without first obtaining permission from International. Since both sides agree that this unique injunction should be dissolved, it will be so done."

■ On oral argument counsel for appellee expressed the opinion that this injunctive order in the trial court's judgment is a temporary injunction. If so, it is void because it did not require a bond of defendant. Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303; Rule 684, T.R. C.P. On the other hand, if the injunction

be considered as a permanent one, it is erroneous because it was issued without a final hearing on the merits. Ex parte Zuccaro, 106 Tex. 197, 163 S.W. 579; City of Fort Worth v. Tarlton, supra.

■ By points of error appellants challenge the propriety of the orders in the numbered paragraphs 3 and 4 of the trial court's judgment. It is argued that these orders relate to matters which may be adjudicated only on a final trial on the merits of this case. We agree with the position taken by appellants in this respect. In a hearing upon an application for temporary injunction, the only question before the court is whether the plaintiff is entitled to an order maintaining the status quo of the subject matter of the lawsuit until final trial. In order to authorize the granting of his application the plaintiff need only to show that he has a probable right and will sustain a probable injury to such right unless the temporary injunction is issued. He is not required to show that he will prevail on final trial. Transport Co. of Tex. v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. Since the plaintiff is not required to show that he will prevail on final trial on the merits, the ultimate issues to be tried in such a final trial are not presented for final determination of the court in the hearing on the application for temporary injunction. Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417. By the language of the trial court's judgment it has "ORDERED, ADJUDGED and DECREED" in numbered paragraph 3 that the plaintiffs had no current right to the 10′ easement and in paragraph 4 that the construction proposed by the defendant is lawful "and plaintiffs have and shall have no right to further complain thereof." It was error for the trial court to render such declaratory judgments as set out in paragraphs 3 and 4 of its judgments. McLennan & Hill Counties Tehuacana Creek Water Control & Imp. Dist. No. 1 v. Hurst, Tex.Civ.App., 378 S.W.2d 946, no writ. hist.

The appellants in the prayer in their brief have asked that we reverse the judgment of the trial court and render judgment granting their application for temporary injunction or, alternatively, that we reform the trial court's judgment by deleting those adjudications set out in its numbered paragraphs 3, 4 and 5.

In the hearing on application for temporary injunction, even after the plaintiff has sustained the burden of proving a probable right and probable injury, the trial judge is clothed with broad discretion in granting *or denying* a temporary injunction. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517; Anderson v. Tall Timbers Corp., 162 Tex. 450, 347 S.W.2d 592; Transport Co. of Tex. v. Robertson Transports, Inc., supra; Southland Life Ins. Co. v. Egan, opinion adopted, 126 Tex. 160, 86 S.W.2d 722. In this case there was much conflict in the testimony, particularly in the testimony of the parties themselves. The trial judge in resolving this conflict, as he was authorized to do, may well have concluded that the plaintiffs have failed to sustain the burden of proving a probable right and probable injury. If he had found such a probable right and probable injury he may also have found the facts to be such that he was acting within his discretion in denying the equitable relief sought by the plaintiffs. The record before us does not show that the trial court erroneously applied the law to an undisputed fact situation. Thus, we deny appellants' prayer that we reverse that portion of the trial court's judgment denying the temporary injunction and render judgment granting such relief.

However, because of the errors noted above in the trial court's judgment, that judgment is reformed by deleting therefrom those orders, decrees and adjudications set out in paragraphs 3, 4 and 5 thereof. As so reformed the judgment of the trial court is affirmed. Costs of appeal are assessed against appellee.