**EVANS DIVISION–ROYAL INDUSTRIES, Appellant,**

v.

**Lynn JEFFRIES, Appellee.**

**No. 983.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

Morley H. White, Magids & White, Billy E. Lee, Asst. County Atty., Houston, for appellant.

Charles J. Michael, Houston, for appellee.

TUNKS, Chief Justice.

The appellee herein, Lynn Jeffries, filed suit in the district court against the appellant, Evans Division–Royal Industries, and Jack Heard, Harris County Sheriff. In that suit Jeffries alleged that Evans Division–Royal Industries had procured a wrongful levy of a writ of execution by the sheriff upon certain personal property of his which was exempt because it consisted of tools of his trade. He prayed for a temporary injunction to prevent the sale of the tools and that he recover damages in the amount of $50,000. The trial court, after hearing evidence, granted the plaintiff's petition for temporary injunction. Evans Division–Royal Industries has appealed.

The trial court's judgment ordering the injunction not only fails to require a bond as a condition for the issuance of the writ of injunction, but specifically recites that no such bond be required. The writ was issued without any bond having been filed by the plaintiff. This defect renders the judgment and the writ void. Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303 (1956); Jernigan v. Jernigan, 467 S.W.2d 621 (Tex.Civ.App.—Beaumont 1971, writ dism'd); Young v. Gardner, 435 S.W.2d 192 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ).

The trial court's judgment is reversed, and judgment is here rendered that the writ of injunction issued pursuant to the trial court's judgment is void.