## MORRIS v. HUGHES BROS. MFG. CO.
### No. 1954.

Court of Civil Appeals of Texas. Beaumont.
April 18, 1930.

A. H. Mount, of Dallas, for appellant.
A. E. Manning, of Dallas, for appellee.

O'QUINN, J.

This is an appeal from a judgment of the district court of Dallas county, Tex., dissolving a temporary injunction. The temporary injunction was granted on application of appellant to restrain the enforcement of what was alleged to be a void judgment in the sum of $45 rendered by the justice of the peace in and for justice precinct No. 7, Dallas county, in favor of Hughes Bros. Manufacturing Company, on which said judgment an execution had been issued and placed in the hands of A. G. Philbrick, constable for said justice precinct, and levied by him on a certain cash register, and advertised for sale on the 22d day of July, 1929, to satisfy said judgment. We do not deem it necessary to set out the grounds alleged as the basis for the contention that said judgment was void. The transcript reveals that the petition for the injunction was presented to the district judge and received his fiat for the issuing of the temporary writ on July 22, 1929, the day the property was advertised to be sold, and was filed that day, and the writ issued. The sheriff's return recites that the writ was received by him on July 23, 1929, at 2 o'clock p. m., and was executed the same day at 2:30 o'clock p. m. by service on Hughes Bros. Manufacturing Company and Philbrick, the constable. In pursuance of the levy upon and advertising of the property for sale, the constable sold the property on July 22, 1929, and it appears without dispute that neither the constable nor the manufacturing company had been served with notice of the issuance of the writ, or had any actual knowledge of same before or at the time of the sale. The property was sold before the writ was placed in the hands of the sheriff, and before the defendants had any knowledge of the issuance of the writ. A motion to dissolve the injunction was filed August 13, 1929, but no notice of same had been served on appellant, Morris. The motion was based upon two grounds: (a) That the sale sought to be enjoined had been made before the writ was served and before actual notice of the writ was had by any of the parties to be affected; and (b) that applicant for the injunction has and had an adequate remedy at law, to wit, suit for damages. After the sale was made, but before the property was delivered to the purchaser, the constable was informed of the existence of the writ. Later he delivered the property sold to the purchaser, whereupon appellant, Morris, sought to have him held for contempt for having sold and delivered same in disobedience of the writ of injunction. He was cited to appear and show cause why he should not be held in contempt. He appeared and answered. Upon his answer and the evidence adduced, he was discharged. At that time the motion to dissolve the injunction was called to the court's

attention and he proceeded to consider same. The judgment dissolving the injunction recites that on August 19, 1929, the defendants, presented to the court their motion to dissolve the injunction theretofore granted on July 22, 1929, and that thereupon came the plaintiff, by his attorney, and objected to a hearing on said motion or any proceeding thereon, and refused to announce ready for a hearing on said motion on the ground that plaintiff had not been served with any notice of the filing thereof, as required by law, and the court overruled plaintiff's objection and proceeded to consider said-motion to dissolve said injunction without hearing evidence in support thereof or in opposition thereto, and that after considering said motion the court was of the opinion that said,motion should be sustained. The judgment then dissolved the injunction.

█ Appellant's brief contains no assignment of error, but he insists that the action of the court in considering and sustaining the motion to dissolve the injunction was error because no notice of the filing of the motion or any service of same was had upon plaintiff or his counsel, and plaintiff had not waived notice and service, and because no evidence was offered or heard in support of said motion, or in contest of same. This insistence is based upon article 4658, R. S. 1925.

We think that appellant's contention should be overruled, because:

(a) When appellant's attorney in the injunction proceeding appeared in court at the time the motion to dissolve the injunction was called to the attention of the court and was taken up for hearing, and objected to the motion being then heard and protested the hearing being then had, although he declined to waive service of notice, and refused to announce ready for a hearing on the motion, this action on his' part was an appearance in court for all purposes of the motion. But appellant earnestly insists that he did not waive notice of the filing of the motion to dissolve, or enter his appearance for a hearing on said motion; but we think that when he took an active part in same by appearing before the court and objecting to said hearing and protested same being then had for the want of service of notice, and took exception to the court's overruling his objection, he thus waived notice and entered his appearance in said hearing.

(b) There is no statement of facts showing what evidence was offered on said hearing, but there is in the record a bill of exceptions taken by appellant to the action of the court, which pretty fully recites what was done. It reads:

"Be it remembered: That upon the 19th day of August, 1929, came on to be heard plaintiff's motion for contempt against A. G. Filbrick, one of the defendants herein, said motion alleging a violatioh by said defendant of this court's injunction issued on the 22nd day of July, 1929. The plaintiff and said A. G. Filbrick appeared and announced ready for hearing on said motion for contempt and the court, after hearing evidence thereon, held that the said defendant should not be held in contempt of this court and that said motion should be dismissed and thereupon entered its order dismissing said motion for contempt and discharging the defendant A. G. Filbrick upon the ground that the judge of this court had advised the defendant A. G. Filbrick to remove the cash register from plaintiff's possession, which said cash register was described in the motion for contempt, because the said A. G. Filbrick informed the court that he had sold the cash register under the execution before he had received notice of the issuance of said injunction; the evidence showed that the defendant A. G. Filbrick, constable, had auctioned the cash register and had announced the same sold to Hughes Bros. Mfg. Co. as the highest bidder before having received notice of said injunction but that immediately after he had auctioned off the same to the highest bidder he was informed that an injunction restraining the sale of said cash register had been issued and upon investigation by him ascertain that the judge of this court had issued said injunction and that the bond required had been filed and approved, and acting upon the advice of the judge of this court to the effect that he, as constable, should not remove the cash register from plaintiff's possession until further action was had in this court, permitted the cash register to remain in plaintiff's custody and did not deliver the same nor deliver a bill of sale therefor to Hughes Bros. Mfg. Co. until several days thereafter, and that at the time of the delivery of said cash register and the bill of sale thereto he had received actual notice, and had also been served with notice of the injunction by 'the sheriff of Dallas County several days prior to the delivery of said cash register and bill of sale therefor.

"That after the hearing on the contempt motion had ended and judgment rendered thereon as aforesaid, the defendants, Hughes Bros. Mfg. Co. and A. G. Filbrick, through their attorneys, announced to the court that they wished to have the court act on the motion for dissolution of the injunction but that no notice of said motion had been issued and served upon the plaintiff and that plaintiff refused to waive notice and enter his appearance for hearing on said motion; whereupon, the court announced 'I will take that up too.'

"The plaintiff, through his attorney, objected to the action of the court in proceeding with the hearing on defendant's motion for the reason he had not been served with notice of the filing thereof, as required by law, and had refused to waive service, and

announced that he was not prepared at that time to present before the court his contest of said motion, not having information of the filing thereof until a few minutes preceding, the filing of same not having been brought to his attention until after the motion for contempt had been acted upon. Said motion was filed on August 13th, 1929, and no notice ever issued on same or served upon plaintiff or his counsel.

"Whereupon, the court proceeded to and did render judgment sustaining said motion dissolving the injunction issued on July 22nd, 1929, without hearing any evidence thereon, the court stating that he had another remedy, to which action of the court the plaintiff excepted and now excepts and tenders this his Bill of Exception No. 1 and asks that it be approved and ordered filed as a part of the record in this cause."

This bill of exception was approved by the court.

██ It thus appears that the court, in the contempt hearing, was advised by the evidence adduced that the sale of the property, which was sought to be enjoined, was made before the service of the writ of injunction was had and before any actual notice or knowledge of the issuing of the writ on the part of the defendants, and therefore the writ was without efficacy and it was not only within the power of the court, but it was his duty, in this state of the facts, on his own motion, to dissolve the writ theretofore authorized by him. Writs of injunction are to prevent the commission of wrong, not to give redress for those already committed. Whitaker v. Dillard, 81 Tex. 359, 362, 16 S. W. 1084; Heuermann v. Church (Tex. Civ. App.) 150 S. W. 212.

It follows that the judgment should be affirmed, and it is so ordered.

Affirmed.