### HARRIS et ux. v. PHILLIPS.
No. 4250.

Court of Civil Appeals of Texas. Texarkana.
Oct. 14, 1932.

Rehearing Denied Oct. 27, 1932.

254

Slay & Simon, of Fort Worth, for appellants.

Wynne & Wynne, of Longview, for appellee.

LEVY, J. (after stating the case as above).

The two points urged on the appeal as error are, in effect, that: (1) The judgment against the plaintiffs on the cross-action of the defendant may not be sustained, for there was no service or waiver of process or appearance by the plaintiffs; and (2) the adjudgment allowable on the nonsuit was not that the plaintiffs should not recover anything against the defendant, but that of merely a dismissal of the cause.

■■ In the absence, as here, of a statement of facts, this court must presume, in support of the order overruling the appellants' motion to vacate the order of nonsuit and to set aside the judgment upon the cross-action, that the trial court took the view of the facts set up in the appellee's reply or contest of the appellants' motion. In that view it would seem, as we must assume, that the attorney asking "the Court to permit him to take a non-suit" was in fact at the time of the judgment of November 30, 1931, the attorney in truth authorized to represent the appellants. Further, as a fact, which we must assume, "that Richard Harris was present in court at one time before when this case was tried on B. F. Phillips' cross action and knew that the cross action was filed, because he and his wife each heard it read." The trial court was seemingly authorized to conclude, of his own knowledge, and from the trial docket, that the case was regularly called for trial on August 14, 1931, the day after the amended cross-action was filed on August 13, 1931, and that the appellants appeared and announced ready for trial. The first point therefore must be overruled, it is concluded, because it may not be said that it is evident in the record that the appellants had not entered such appearance in the case, as the trial court seemingly found they did do, at any time after the cross-action had been timely filed as to entitle the appellee to judgment against them. An actual appearance in the case after the cross-action was filed would be, as may be conceded, equally as effective as the service of citation to confer jurisdiction over the person of the appellants. Evans v. McNeill (Tex. Civ. App.) 41 S.W.(2d) 268.

The case of Early v. Cornelius, 120 Tex. 335, 39 S.W.(2d) 6, cited by appellants, rests upon quite a different state of facts. That case clearly announces that the mere appearance by the plaintiff by motion to dismiss his cause of action as against all of the defendants does not constitute such general appearance in the case as to entitle the defendants to judgment without citation on cross-actions subsequently filed. It appeared there that plaintiff J. W. Cornelius filed on February 5, 1929, a motion to dismiss his cause, and on February 6, 1929, both Opal Cornelius by guardian ad litem filed a cross-action seeking affirmative relief, and Mary Early and her husband filed an amended cross-action for affirmative relief.

■■ The second point made as above is well taken and must be sustained as fundamental error. The judgment of nonsuit, after adjudging a dismissal of the cause, has the further recitation: "And that the plaintiffs, Richard Harris and wife, Annie Harris, take nothing by this suit as against the defendant." That, in legal effect, is a final disposition of the case on the merits. A voluntary nonsuit is an abandonment of his case by the plaintiff with the costs to be entered against him. The only judgment allowable on the nonsuit was that of merely a dismissal of the cause and the payment of costs by the plaintiffs. Burger v. Young, 78 Tex. 656, 15 S. W. 107.

The judgment of nonsuit is accordingly reformed, and the recitation quoted above elim- ·

inated, and, as reformed, the judgment of nonsuit, and also the judgment on the cross-action, will be, and are hereby in all things, affirmed. The costs of appeal to be taxed against appellee.