## WACO HILTON HOTEL CO. v. WACO DEVELOPMENT CO.
### No. 1658.

Court of Civil Appeals of Texas. Waco.
Oct. 11, 1934.

Rehearing Denied Nov. 15, 1934.

G. B. Rogers, Clay McClellan, J. D. Williamson, and Allan McDonnell, all of Waco, for appellee.

ALEXANDER, Justice.

The Waco Hilton Hotel Company brought this suit against the Waco Development Company for the purpose of securing the benefit of the present moratorium statute, Acts 1934, 43d Leg. (2d Called Sess.), p. 42, c. 16 (Vernon's Ann. Civ. St. art. 2218b note). It was alleged that in 1928 the Waco Development Company owned the lot upon which the Hilton Hotel in the city of Waco is now situated; that it conveyed same to the plaintiff, and plaintiff erected the hotel building thereon and furnished same at a cost of $776,000, paying $311,000 of such cost in cash and executing notes to a loan company for the balance in the sum of $465,000 and secured same by a deed of trust on the property; that plaintiff then reconveyed the lot and hotel building thereon to the defendant, and as a part of the same transaction the defendant leased the property to plaintiff for a period of ninety-nine years at a monthly rental of $833 per month for the first five years and a larger rental for the remainder of the rental period; that plaintiff, in addition, agreed to pay the lien indebtedness against the property; that plaintiff secured the payment of said rentals by a chattel mortgage on the hotel fixtures; that plaintiff had paid $52,000 on the indebtedness against the real property, but was behind in the payment of its rents approximately $17,000 and on account of the depression was unable to pay same; that said lease contract, according to its terms, was subject to forfeiture for the failure to pay rents; that defendant was threatening to forfeit the lease, and, if same should be forfeited, plaintiff would suffer a loss of $300,000. The plaintiff prayed for an injunction restraining the defendant from forfeiting said lease and that a receiver be appointed to take charge of said property and operate same as provided in the moratorium act.

Upon presentation of the petition in chambers on March 30, 1934, the trial judge appointed a receiver to take charge of and operate said property, and issued a temporary restraining order as prayed, subject to the future orders of the court, returnable April 9, 1934. On the last-named date the defendant filed a motion to dissolve the temporary restraining order and a cross-action praying for judgment for its unpaid rents in the sum of $17,187.48, together with interest and attorney's fees and foreclosure of its lien on the

hotel fixtures, and for forfeiture of the rental contract on account of the failure to pay rents. On the same day the court heard the entire cause on its merits and entered a final judgment dissolving the temporary restraining order, denying the plaintiff all relief prayed for, and awarding judgment to defendant for its unpaid rents, with foreclosure of its lien on the hotel fixtures, forfeited the lease, and ordered the receiver to sell the fixtures in satisfaction of said debt. The plaintiff appealed.

■ The plaintiff's first contention is that the trial court erred in refusing to grant it an injunction restraining the cancellation of its lease and the sale of the hotel fixtures. Its contention is that the action comes within the provisions of the above-mentioned moratorium act and that the court erred in refusing to grant the relief provided for therein. After carefully considering the matter, we have reached the conclusion that the record does not present any error in this respect.

In the first place, we are of the opinion that the act in question is limited in its scope to the prevention of the sale of real estate for the purpose of satisfying a debt, and that it has no application to the forfeiture of a lease contract nor to the sale of personal property. The preamble of the act refers alone to the owners of "real property" as being unable to meet their demands, thus creating an emergency justifying legislation "for the postponement of forced sales of real estate and other relief of like character." Section 1 of the act provides that "the Judges of the several District Courts * * * are hereby authorized to grant continuances and stays of execution in all suits instituted for the purpose of foreclosing liens upon real property and to grant writs of injunction restraining the sale of real property under powers created by Deeds of Trust or other contracts and to restrain sales under executions and orders of sale issued out of any Court in this State," etc. From the terms of the act, we think it apparent that it was not intended to cover an action such as is here under consideration.

■■ In the second place, the statute requires one seeking to secure the benefits of its provisions to make proof of the existence of certain facts. Among other things, it must be made to appear either by affidavit or evidence introduced upon the trial that the value of the property attempted to be sold is substantially in excess of the amount of the debt demanded, that a sale of the property would result in an unfair, unjust, and inequi-

970

table financial loss to the applicant, and that the applicant will not permit the property to be abused, ill-treated, or mismanaged during the delay. The act provides that upon the making of such showing the trial judge may, in his discretion, grant the relief contemplated by the statute. Whether or not the plaintiff established these facts was for the lower court to determine. We cannot reverse the judgment unless it appears that the trial court abused its discretion. No findings of fact were filed. The statement of facts consists of more than two hundred pages. The plaintiff has not undertaken to point out evidence sufficient to conclusively establish these issues. There is at least some evidence in the record tending to show that the plaintiff does not have any substantial equity in the property, and that those in charge of the hotel company might not deal fairly with the property if the relief prayed for should be granted. Under the circumstances, we must presume that the trial court found these issues against the plaintiff, and therefore properly denied the relief prayed for. Our holdings on the issues discussed make it unnecessary to determine whether or not the act in question is constitutional.

■■ Plaintiff's second contention is that the court had no right to enter judgment for the defendant on its cross-action at the term at which it was filed and without the service of citation on the plaintiff. The record shows that on March 30, 1934, during the March term of the district court, the plaintiff filed its petition and secured the issuance of a temporary restraining order which, by its terms, was subject to the future orders of the court and returnable April 9, 1934; that the defendant was cited to appear on said date and show cause why said order should not be continued in force. On the date set for the hearing, April 9, 1934, which was during the April term of said court, the defendant appeared, presented its answer to plaintiff's petition, and filed a cross-action seeking to recover for its unpaid rents, with foreclosure of its lien, and to have the lease contract forfeited. When the case was called, plaintiff's counsel announced as follows: "That the plaintiff is ready on the motion to dissolve the injunction and receivership, but that we wish to call the court's attention to the fact that the defendants have filed a cross action, but no service of citation has been made on the plaintiff on the cross action, and we do not waive service thereof, nor do we enter any appearance as to said cross action, but we are ready on the motion that

he has filed to dissolve the injunction and receivership."

The plaintiff did not, however, file any motion for a continuance nor present any equitable ground for delay. The defendant announced ready on the merits. The trial court, without any service of citation on plaintiff and over plaintiff's protest, proceeded at once to try the entire controversy on its merits, including the defendant's cross-action, and entered judgment thereon, as hereinbefore stated.

It is urged by the plaintiff that it did not make any appearance as to the cross-action filed by the defendant, and that as to such cross-action it was entitled to service of citation and a postponement of the trial thereon to the next succeeding term of the court. It appears, however, from the above-quoted statement of counsel that said counsel did appear in court on behalf of plaintiff, for at least a limited purpose, after the filing of the cross-action. He seems to have appeared not alone to object to the jurisdiction of the court to try the cross-action, but to invoke its jurisdiction to try out plaintiff's right to have the temporary restraining order continued in force. Plaintiff thus affirmatively invoked the jurisdiction of the court in its behalf. It does not appear to be material, however, whether the plaintiff through its attorney appeared merely for the purpose of questioning the jurisdiction of the court to try the cross-action or whether he appeared to invoke affirmative jurisdiction in plaintiff's behalf on the suit theretofore filed by it. The result would have been the same, for a special appearance is unknown to our practice. The filing by a defendant of any defensive pleading, though it be only for the purpose of challenging the jurisdiction of the court, constitutes an appearance and a submission to the jurisdiction of the court for all purposes. York v. State, 73 Tex. 651, 11 S. W. 869; Atchison, T. & S. F. R. Co. v. Stevens, 109 Tex. 262, 206 S. W. 921, par. 1; St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S. W. 75, par. 2. A defendant who otherwise could not be compelled to answer until the next succeeding term of court may waive such privilege by entering his appearance at the term during which the suit was filed and lawfully demand a trial during such term. Browder v. Memphis Independent School Dist., 107 Tex. 535, 180 S. W. 1077; Lang v. Henke, 22 Tex. Civ. App. 490, 55 S. W. 374.

■ When a cross-action is filed, the plaintiff in the main suit occupies the position of a defendant with reference thereto, and the

same rules for acquiring jurisdiction over a defendant in an ordinary suit apply to him. Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172. He may either enter his appearance or be served with process. If jurisdiction on the cross-action is attempted to be acquired over him by service of process alone, he, like any other defendant, cannot be compelled to answer until the next succeeding term of court, and then only in the event such process is served at least ten days prior to the beginning of such term; but, if he enters his appearance, he is immediately subjected to the jurisdiction of the court, and is not entitled to the statutory delay such as is allowed where jurisdiction is acquired alone by the service of compulsory process. When he enters his appearance, the effect is the same as to the cause of action made by the pleading then on file as if citation had theretofore been issued and served for the length of time provided by law; and the entire cause of action as made by such pleading may be tried at the term during which the appearance is entered and need not be delayed to the next succeeding term. Revised Statutes, art. 2046; Browder v. Memphis Ind. School Dist., 107 Tex. 535, 180 S. W. 1077; Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136, par. 2; Evans v. McNeill, (Tex. Civ. App.) 41 S.W. (2d) 268; Morris v. Hughes Bros. Mfg. Co. (Tex. Civ. App.) 27 S.W.(2d) 849; Smithers v. Smith, 35 Tex. Civ. App. 508, 80 S. W. 646; Olcott v. Reese (Tex. Civ. App.) 291 S. W. 261; American National Ins. Co. v. U. S. F. & G. Co. (Tex. Civ. App.) 24 S.W.(2d) 474; Harris v. Phillips (Tex. Civ. App.) 56 S.W.(2d) 253; Donaldson Art Sign Co. v. Lyons (Tex. Civ. App.) 51 S.W.(2d) 1095.

It is true, appellant's counsel stated that he was not waiving service of citation nor entering an appearance for plaintiff, but his very acts in appearing and making such statements amounted to an appearance. The object of a citation is to give notice of the pendency of the suit, and, when a party appears in open court and objects to a trial of the suit, he is deemed to be fully informed thereof and citation is no longer necessary. The holding of the Supreme Court in the case of Early v. Cornelius, 120 Tex. 335, 39 S.W. (2d) 6 relied on by the plaintiff, is not controlling in this case. As pointed out in Harris v. Phillips (Tex. Civ. App.) 56 S.W.(2d) 253, the plaintiff, in Early v. Cornelius, apparently did not make an appearance therein after the filing of the cross-action. In fact, Judge Ryan in writing the opinion for the

Supreme Court refers to the cross-action as "subsequently filed." In the case at bar plaintiff's counsel not only appeared for the purpose of prosecuting the main suit and protesting a trial on the cross-action, but actually remained and participated in the trial by cross-examining the witnesses. As before stated, plaintiff did not file a motion for a continuance nor present any equitable grounds for a postponement. Our holding herein is not intended as limiting the right to a continuance upon a showing of proper grounds for postponement. Plaintiff's assignment of error is overruled.

The judgment of the trial court is affirmed.