**HARVEY v. WILEY et al.**

**No. 1644.**

Court of Civil Appeals of Texas. Waco.

Nov. 7, 1935.

Larry A. Kayser, of Tyler, for plaintiff in error.

Seale & Seale, of Centerville, for defendants in error.

STANFORD, Justice.

A suit was filed in the district court of Leon county, being No. 4955 in that court, by R. L. Wiley against Mary Tannehill on July 6, 1927, to recover on three promissory notes for $250 each, due July 7, 1921, July 7, 1922, and July 7, 1923, and one note for $200, due July 7, 1924; all of said notes bearing interest from date at the rate of 10 per cent. per annum; said notes being secured by liens on 65 acres of land in Leon county, Tex. The first of said notes for $250, due July 7, 1921, was paid in full, and thereafter payments aggregating $190 were made on said second note.

On February 18, 1933, plaintiff, by attorneys, and defendant entered into a written agreement, whereby defendant acknowledged her debt to plaintiff in the sum of $959, and agreed to make certain payments thereon on specified dates thereafter, one of which payments in the sum of $200 was to be made within fifteen days after said date. There is no contention that this payment was made, nor that the default in making the same was waived. Plaintiff, in said agreement, promised to pass the suit in the district court on the original notes from time to time so long as the designated payments were made according to said agreement. The last paragraph of said agreement instrument contained the following:

"The defendant hereby waives the issuance and service of citation and here makes her appearance for the purpose of answering plaintiff's original petition. This, the 18th day of February, A. D. 1933. This agreement is made in duplicate.

"Seale & Seale,
"Attorneys for Plaintiff.
"Mary Harvey, née Tannehill,
"Defendant."

The next term of the district court of Leon county after the date of said waiver, according to the statute in effect at that time, began on the 22d day of May, 1933.

Said waiver was filed therein on the 29th day of May, 1933. Thereafter, on the same day the court entered an order reciting that the original · plaintiff, R. L. Wiley, was dead; that administration upon his estate had been had and closed, and that Claude Wiley, J. G. Wiley, W. W. Wiley, Roxie Hudson, R. L. Wiley, Jr., Hattie Moore Wiley, Mary Margaret Holbert, and Guy Wiley were his children and only heirs, and substituting them as plaintiffs in the cause instead of the original plaintiff, R. L. Wiley. The court, on the same day, rendered judgment in favor of said substituted plaintiffs against Mary Harvey, née Tannehill, for said sum of $990.96, with interest thereon from date at the rate of six per cent. per annum, and foreclosed the vendor's lien on the lands described in the original petition and ordered the same sold to satisfy said judgment. The court recited in said judgment that the defendant, Mary Harvey, née Tannehill, had appeared therein by her waiver. The transcript shows that an order of sale was issued thereon, and said land sold thereunder to defendants in error for the sum of $200.

■ Plaintiff in error, in her first assignment, asserts that the notes sued on were barred by limitation. Since plaintiff in error did not either by exception or plea invoke the · statute of limitation in the trial court, such defense was waived. Plaintiff in error in this connection contends that said waiver was illegal and void because it was contained in an instrument in which she acknowledged the indebtedness sued on herein and promised to pay the same in installments. This contention is based on the terms of article 2224 of our Revised Statutes, which provides, in substance, that no acceptance of service nor appearance in open court shall be authorized in any case by the contract or writing sued on, or any other instrument executed prior to the institution of the suit. The proceeding in this case was not in contravention of said statute. This suit for recovery on the original notes had been instituted long prior to the execution of such waiver. The defense of limitation had not been invoked by plaintiff in error and was never invoked by her in the trial court. The judgment from which the writ of error herein is prosecuted is based on the original notes and not on her promise to make installment payments thereon, which promise was never performed.

■ Plaintiff in error's second contention is that the waiver signed February 18, 1933, and filed in the trial court May 28, 1933, could only require her to appear and answer at the next following term. Said waiver has been hereinbefore quoted. By the terms thereof she not only waived citation, but made her appearance for the purpose of answering the original petition. In the case of Edinburg Irrigation Co. v. Ledbetter (Tex.Civ.App.) 247 S.W. 335, the court held that a party once voluntarily appearing was before the court for all purposes until ultimate disposal of the case and compelled to take notice of subsequent proceedings. See, also, Spivey v. Saner-Ragley Lumber Co. (Tex.Com.App.) 284 S.W. 210; Saner-Ragley Lumber Co. v. Spivey (Tex.Civ.App.) 255 S.W. 193; Waco Hilton Hotel Co. v. Waco Development Co. (Tex.Civ.App.) 75 S.W.(2d) 968, par. 6, and authorities there cited; Phillips v. The Maccabees (Tex.Civ.App.) 50 S.W.(2d) 478.

■ Plaintiff in error's third contention is that because the waiver as made stated no definite time that said cause would be tried, it did not warrant the trial court's judgment. We think the holding of the court in Spivey v. Saner-Ragley Lumber Co., Phillips v. The Maccabees, and Waco Hilton Hotel Co. v. Waco Development Co., supra, is clear on the proposition that such a voluntary waiver and appearance are sufficient to give the trial court jurisdiction to render judgment against plaintiff in error.

■ Plaintiff in error's fourth and fifth contentions are that the rendering of a personal judgment by default on the 29th day of May, 1933, the day on which the waiver was filed in the trial court, was void because of fundamental error. None of the cases cited by plaintiff in error, in our opinion, bear on this proposition. These contentions are overruled.

Therefore, it being our opinion that since the judgment rendered by the trial court was on the original notes and not on the "agreement instrument," that since no issue of limitation had ever been raised in the trial court, and said waiver substantially complied with the law, thus giving the trial court jurisdiction to hear and determine said cause, we find no reversible error, and overrule all of the plaintiff in error's assignments of error and affirm the judgment of the trial court.