**SMITH et al. v. STRAUCH.**

No. 9810.

Court of Civil Appeals of Texas. San Antonio.

Feb. 26, 1936.

Rehearing Granted June 24, 1936.

Further Rehearing Denied Aug. 19, 1936.

Eskridge & Groce and Walter Groce, all of San Antonio, for appellants.

Hobart Huson and James A. Steele, both of San Antonio, for appellee.

SMITH, Chief Justice.

On October 5, 1932, George Strauch brought suit in the district court of Refugio county against Mission Drilling Company of Texas, Mission Drilling Company of Delaware, and certain other corporations and their receivers, as well as against the individuals, Geo. E. Smith, Lauren L. Smith, and R. O. Kipp. The action was for debt, and to establish a lien, to secure that debt, upon certain real and personal property belonging to the two named corporations, and to impound monies coming to them through other corporate defendants. That case, and several companion cases, were set for disposition at a special term of court, called for that purpose.

All the defendants, except Geo. E. Smith, appeared and filed answers to the merits at the special term. When the case was reached at that term, Strauch moved to sever his asserted cause of action against the corporate defendants and receivers, from his asserted cause of action against the individual defendants, Smith, Smith, and Kipp; that is, to split the suit into two separate actions, upon the same cause, by retaining on the docket, under its given No. 1119, the original action against the corporate defendants and receivers, and by severing therefrom the action against the individual defendants and entering and carrying it on the docket as a separate, independent suit under a new style and number. The individual defendants objected, in open court, to the granting of that motion, and when it was granted, excepted to the ruling of the court thereon.

In pursuance of that order, Strauch's action against the individual defendants was severed from the original suit and "docketed as a separate and independent cause," under the new style of George Strauch v. Geo. E. Smith et al., and under the new number, 1135. Thereafter Strauch filed a new pleading, as an amended petition, in said cause 1135, in which he sought judgment against the individual defendants, only, upon the same cause of action originally asserted against them.

At the first ensuing regular term of court after the filing of this pleading, the individual defendants filed separate pleas of privilege to be sued in Bexar county, conceded to be the domicile of all of them. In due time Strauch filed

his affidavit, in which he controverted the pleas of privilege, upon the grounds that said defendants other than Geo. E. Smith had waived their privilege by appearing and answering upon the merits in the original suit, No. 1119, and that all the defendants had waived their privilege by appearing in that suit and objecting to the severance of the cause, and by excepting to the ruling of the court granting the motion to sever, all of which Strauch contended, constituted a general appearance for all purposes in the severed cause No. 1135. The pleas of privilege and controverting affidavits were in statutory form.

Upon the hearing of the pleas of privilege, no evidence was introduced except the pleadings, motion to sever, and order thereon showing that defendants objected to the motion to sever, and excepted to the ruling thereon, in cause No. 1119, the original action. Upon that evidence and other pertinent facts of record (of which he had judicial knowledge), the court overruled the pleas of privilege, and the defendants have appealed.

 In the original disposition this court held that the trial court erred in overruling the pleas of privilege, and reversed the order thereon. This disposition was made upon the theory, stated generally, that the severance was in effect a dismissal as to the individual defendants, and that the severed and reasserted cause of action against appellants constituted a new and independent suit against them, and entitled them to assert all the rights and privileges available to them in the first instance, without regard to the institution of, and their appearance in, the original proceeding. We have concluded, upon reconsideration, that we erred in that holding.

The cause of action asserted in the original suit was severable as between the corporate defendants upon the one hand, and the individual defendants, appellants herein, ·upon the other. Appellants' privilege of removing the suit, as to them, to the county of their domicile, was available to them, and they could have therein asserted it, in that suit. They elected to waive that privilege, and did so, by appearing therein. In consequence, they were bound by their waiver, and submitted themselves to the jurisdiction and venue of the forum, upon the cause of action therein· asserted against them.

It was the prerogative of the trial court, in the exercise of a sound discretion, and for the convenience of the parties and to facilitate procedure, to sever the action into two parts, one against one class of defendants, and one against the other, the while retaining jurisdiction and venue over all defendants, as to both branches of the suit. By timely pleas in abatement or of privilege, if filed in the original suit, the cause against them being severable and removable, appellants could have then and there enforced their right of removal. But· they elected to waive that right, by appearing in the suit, and they were bound by that election, under rules too familiar to warrant elaboration here.

The severance of the one action into separate suits did not operate as a dismissal of the suit against either set of defendants, any more than the consolidation of two suits operates to revive rights and privileges of the parties theretofore waived or exhausted. The cause of action being unchanged, the court had the power, and it was its duty, to rearrange the parties, or sever, or consolidate the action, as a means of facilitating or simplifying orderly procedure. Severing the ·action into two suits, and giving one part a new number and place upon the docket, while retaining the other under the original number and its original position, did not have the effect of a dismissal of any part of the cause of action against any of the parties. Their rights and privileges were not thereby enlarged or impaired, but remained the same as they were at the time of severance. 1 C.J. p. 1140; Moran v. Farms Co. (Tex.Civ.App.) 282· S.W. 608; Lewis v. Pitts (Tex.Civ.App.) 275 S.W. 473; Danciger v. Smith (Tex.Civ. App.) 286 S.W. 633; Harris v. Allison (Tex.Civ.App.) 29 S.W.(2d) 413. We therefore hold that the severance of the action as between the corporate defendants and the individual defendants did not operate as a dismissal of either class of defendants, nor did the separated action against appellants constitute such a new and independent suit as to revive appellants' right to assert their privilege, which had been waived in the original action before severance.

 Appellants Lauren L. Smith and R. O. Kipp appeared in the original suit, before severance, by filing answers, and they thereby waived their privilege. Geo.

E. Smith filed no answer, but appeared and contested appellee's motion to sever and further appeared by excepting to the order of severance. This was such a general appearance as amounted to a waiver of his privilege, in the absence of an existing plea thereof. Herndon v. Crawford, 41 Tex. 267; Morris v. Hughes Bros. Mfg. Co. (Tex.Civ.App.) 27 S.W. (2d) 849; Waco Hilton Hotel Co. v. Development Co. (Tex.Civ.App.) 75 S.W.(2d) 968. We therefore hold that by these appearances, without previously urging their privilege, appellants waived the privilege in the main action, and the right to plead their privilege was not revived by severance of the suit without change of the cause of action originally asserted against them.

Appellee's motion for rehearing will be granted, the order of reversal set aside, the opinion thereon withdrawn, and the judgment affirmed.