## GIESECK v. ROSS.
### No. 15288.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 9, 1951.

Joseph F. Greathouse, Fort Worth, for appellant.

Stewart W. Hellman and Charles Lindsey, both of Fort Worth, for appellee.

HALL, Chief Justice.

This is an appeal from a judgment rendered in a district court of Tarrant County, declaring Beverly Ann Gieseck, a girl, to be a dependent and neglected child, according to the provisions of Articles 2330–2337, Vernon's Annotated Civil Statutes.

Lily Gieseck, appellant herein and mother of Beverly Ann Gieseck, presents six points of error, the substance of which attacks the judgment of the trial court because: First, she was not served with citation in the cause; second, the court erred in declaring her to be insane but did not appoint her an attorney ad litem; and third, that venue should have been laid in Dallas County, her residence.

Appellant nowhere attacks sufficiency of the evidence adduced in support of the trial court's judgment, which evidence in part is in substance as follows: That appellant left Beverly Ann Gieseck, while she was four and a half years of age, in a room upon the second floor of a two story hotel in Tarrant County during the day while she went to work; the child was left alone for hours at a time, with the mother returning to bring her a sandwich or a sweet roll to eat. There was evidence adduced from several witnesses to the effect that said child was both dependent and neglected as those terms are defined in the provisions of Article 2330, Vernon's Civil Statutes.

Appellant declares herself to be a citizen of Dallas County. Under such circumstances, it was not necessary for her to be served with citation according to the provisions of Article 2332, R.C.S.

It is noted, however, that appellant was notified of the date of hearing, appeared in person and the trial court ap-

pointed her an attorney who also participated in the trial of the case. Her presence and participation are considered an appearance for all purposes. See Waco Hilton Hotel Co. v. Waco Development Co., Tex.Civ.App., 75 S.W.2d 968; Noble v. Empire Gas & Fuel Co., Tex.Civ.App., 20 S.W. 2d 819, affirmed Empire Gas & Fuel Co. v. Noble, 36 S.W.2d 451.

■ The trial court found in its judgment, among other things, the following: "* * * and that the mother of said child is suffering from a mental deterioration that makes her association and supervision of the child dangerous to the welfare and well being of said child." Such finding was one of fact concerning the child's welfare and was not a judgment of insanity, as complained of by appellant. 24 Tex.Jur. 377.

Judgment of the trial court is affirmed.